# EXHIBIT AA



**CATHAY BANK**

## LOAN EXTENSION AGREEMENT AND
## MODIFICATION OF NOTE

THIS LOAN EXTENSION AGREEMENT AND MODIFICATION OF NOTE ("Agreement") is dated for reference purposes and entered into as of **July 6, 2005** by and between **CATHAY BANK**, a California state banking corporation ("Lender"), and **United Aluminum Door, Inc.,** ("Borrower").

### 1. RECITALS

1.1. Lender made a loan to Borrower in the current principal amount of **$3,493,737.74** ("Loan"), as evidenced by that certain promissory note dated **May 2, 2005** in the original principal amount of **$3,500,000.00** (the LOAN).

1.2. By its terms, the Note has matured on **May 31, 2005**, at which time the entire outstanding principal balance due under the Note, together with all accrued but unpaid interest thereon, was/will be due and payable.

1.3. Borrower has requested that Lender renew the Loan. In order to provide Borrower additional time to submit the information and documents required by Lender in support of Borrower's application for renewal of the Loan, and in order to provide Lender with additional time to make a determination as to Borrower's application, Lender has agreed to modify the Note in order to extend the maturity of the Note for a period of **SIX (6) months**, subject to the terms and conditions set forth herein.

**NOW, THEREFORE, IN CONSIDERATION OF THE MUTUAL BENEFITS ACCRUING TO THE PARTIES HERETO AND OTHER VALUABLE CONSIDERATION THE RECEIPT AND SUFFICIENCY OF WHICH IS HEREBY ACKNOWLEDGED, AND IN ORDER TO INDUCE LENDER TO EXTEND THE MATURITY OF THE NOTE, THE PARTIES HERETO DECLARE, UNDERSTAND AND AGREE TO THE FOLLOWING TERMS.**

### 2. MODIFICATION OF NOTE

2.1. **Extension of Maturity.** The Note is hereby modified to extend the maturity date thereof for a period **SIX (6) months**, from May 31, 2005 to November 30, 2005.

2.2. **No Other Modifications.** Except as specifically modified or amended by this Agreement, the provisions of the Note remain unchanged and in full force and effect.

2.3. **No Commitment to Renew.** Nothing contained in this Agreement shall be construed as a commitment or agreement by Lender to renew the Loan beyond the **SIX (6) months** period contemplated by this Agreement.

3. **GENERAL PROVISIONS**

3.1. **Time of the Essence.** Time is hereby declared to be of the essence of this Agreement and of every part hereof.

3.2. **Notices.** Except as otherwise provided herein, any notice or other communication required or permitted to be given under this Agreement shall be in writing and shall be personally served by messenger, or sent by a commercial overnight delivery service (such as Federal Express), or by certified mail, return receipt requested, and shall be deemed given on the date actually received if served by messenger, or on the next business day after deposit with an overnight delivery service, or on the date of receipt as shown on the return receipt if sent by certified mail. The addresses of the parties to which notices and other communications shall be sent (until notice of a change thereof is served as provided herein) are set forth below. Any party to this Agreement may change its address for giving notices or demands hereunder by written notice of such change to the other party in accordance with the provisions hereof. Borrower shall promptly notify Lender of any change of its principal place of business or mailing address in the manner prescribed by this paragraph.

3.3. **Entire Agreement; Amendment.** This Agreement and any agreements, instruments or documents referred to herein constitute the entire agreement among the parties hereto regarding the subject matter hereof, and all prior and/or contemporaneous communications, verbal or written, between or among the parties hereto regarding the subject matter hereof shall be of no further effect or evidentiary value. This Agreement can be amended only by a written agreement executed by duly authorized representatives of the parties hereto.

3.4. **Construction of Agreement.** Neither this Agreement nor any uncertainty or ambiguity herein shall be construed or resolved against any party hereto, whether under any rule of construction or otherwise. On the contrary, this Agreement has been reviewed by all parties and shall be construed and interpreted according to the ordinary meaning of the words used so as to fairly accomplish the purposes and intentions of the parties hereto.

3.5. **Severability.** Each provision of this Agreement shall be severable from every other provision of this Agreement for the purpose of determining the legal enforceability of any specific provision.

3.6. **Headings.** All section headings and section numbers have been set forth herein for convenience of reference only, and shall not limit or affect the meaning or interpretation of any section hereof.

3.7. **Successors and Assigns.** This Agreement shall bind and inure to the benefit of the respective successors and assigns of each of the parties.

3.8. **Governing Law.** This Agreement and all other agreements and instruments required in connection herewith shall be governed by and construed in accordance with the laws of the State of New York.

3.9. **Counterpart Execution.** This Agreement may be executed in several counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same Agreement.

3.10. **Attorneys' Fees.**  In the event any party of this Agreement shall be required to commence any action or proceeding against any other party by reason of any breach or claimed breach of any provision of this Agreement, to commence any action in any way connected with this Agreement, or to seek a judicial declaration of rights under this Agreement, the party prevailing in such action or proceeding shall be entitled to recover from the other party, or parties, the prevailing party's reasonable attorneys' fees and costs including, without limitation, all witness fees and associated expenses, including matters on appeal whether or not the proceeding or action proceeds to judgment.

**IN WITNESS WHEREOF,** this Agreement is executed on behalf of the parties' duly authorized representatives on the date(s) indicated below and effective as of the date set forth above.

Date:    July  6  , 2005

Date:

**LENDER:**

Cathay Bank, a California State
Banking Corporation

**BORROWER:**

United Aluminum Door, Inc.

By: _____
Name:  Peggy Chan
Title:    First Vice President & Manager

By: _____
Name:  WAYNE TOM
Title:  PRESIDENT

40-14 Main Street
Flushing, NY  11354

267 Vandervoort Avenue
Brooklyn, NY  11354

Date:


CATHAY BANK
41-14 Main Street
Flushing, NY  11354


RE:  Guarantor Acknowledgement and Consent

Dear Sir/Madam:

I, the Undersigned ("Guarantor"), as an accommodation to **United Aluminum Door, Inc.** ("Borrower") and not pursuant to the exercise of any right of Guarantor, hereby acknowledge my consent of the terms and provisions of the Loan Extension Agreement and Modification of Note (the "Agreement") also dated of even date herewith.  I hereby acknowledge receipt of a copy and hereby acknowledge my consent of the transactions contemplated thereby.

Additionally, I hereby reaffirm my obligations under that certain Commercial Guaranty dated May 2, 2005 (the "Guaranty").  I represent and warrant to Cathay Bank that I have the power and authority to execute this Guarantor Acknowledgement and Consent.  I also hereby acknowledge that the Guaranty is in full force and effect, and that any terms redefined in the Agreement shall be deemed redefined in the Guaranty.  I hereby reaffirm that my obligations under the Guaranty are separate and distinct from Borrower's obligation.


_____
Wayne Tam

_____
Sandy Liang

_____
Jen-Hao Mao

_____
Kuo Win Liu


Very Tact Int'l Inc.

By: _____
Name:
Title:  WAYNE TAM
        PRESIDENT

Archivisions, Inc.

By: _____
Name:
Title:  WAYNE TAM
        PRESIDENT

# EXHIBIT BB

# CATHAY BANK

## BY: UPS NEXT DAY MAIL

November 17, 2005

Mr. Wayne Tam
President
United Aluminum Door, Inc.
267 Vandervoort Avenue
Brooklyn, NY 11211

## Re: Expiring Credit Facility for $3,500,000

Dear Mr. Tam,

Further to our letter dated July 6, 2005, we advise you that the credit facility for $3,500,000 extended to United Aluminum Door, Inc. is expiring on November 30, 2005 when all loan outstanding must be repaid in full.

This letter is without prejudice to, and fully and specifically reserves, any and all of the rights and remedies of the Lender, at law and otherwise.

We appreciate for your co-operation and are pleased to be of assistance.

Yours sincerely,

CATHAY BANK
New York Region

By: _____
Name: Peggy Chan
Title:  First Vice President & Manager

cc.    Sandy Liang
       Jen-Hao Mao
       Kuo Win Liu

40-14 Main Street, Flushing, New York 11354  •  Telephone (718) 886-5225  •  Facsimile (718) 961-9640

# ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

### 1345 AVENUE OF THE AMERICAS

### NEW YORK, NEW YORK 10105-0143

MARSHALL E. BERNSTEIN
CHRISTINE H. BLACK
DAVID M. BLUMENTHAL *
AVRON I. BROG
NICHOLAS R. CAPUTO *
JOHN D. D'ERCOLE
FELICIA S. ENNIS *
SHARI J. FAGEN *
HARVEY FELDSCHREIBER
MICHAEL F. FITZGERALD
S. ASHER GAFFNEY
NEAL I. GANTCHER
MARSHALL J. GLUCK
ROBERT B. GLUCKMAN
NEIL S. GOLDSTEIN
RONALD B. GOODMAN
STEVE R. GRABER ○
A. MITCHELL GREENE
MICHAEL E. GREENE
ROY A. JACOBS **
ROBERT R. LEINWAND

BABCOCK MACLEAN
ROBERT M. MILNER
LEONARD B. NATHANSON
ALAN M. POLLACK
ROGER A. RAIMOND ***
JEROME H. RETTIG
CHRISTY L. REUTER
FRED B. RINGEL *
A. STANLEY ROBINSON
ROBERT A. SCHACHTER
PHILIP T. SIMPSON
SCOTT A. STEINBERG ○○
RICHARD M. TICKTIN
PHILIP H. THOMAS

COUNSEL
DAVID C. BURGER
LEE PERSHAN
ALLEN J. ROTHMAN
ROBERT M. SASLOFF
LEON SCHEKTER

212-603-6300

FAX 212-956-2164

**January 10, 2006**

Ronald B. Goodman
(212) 603-6313
goodman@robinsonbrog.com

\* NY AND NJ BAR
\*\* NY AND D.C. BARS
\*\*\* NY AND CONNECTICUT BARS
○ NY AND TENNESSEE BARS
○○ NY AND FLORIDA BARS

ANTHONY S. GENOVESE
1935-2005

## **VIA FEDEX**

United Aluminum Door Inc.
267 Vandervoort Avenue
Brooklyn, New York 11211-1718

Attn: Mr. Wayne Tam

Re:     Cathay Bank v. United Aluminum Door Inc., Very-Tact International, Inc.,
Archivisions, Inc., Wah Woon Tam a/k/a Wayne Tam, Jen-Hao Mao,
Sandy Liang, Kuo Win Liu, and Charlene H. Liu

Dear Mr. Tam:

Please be advised that we represent Cathay Bank. Our client informs us that the outstanding loan balance due from United Aluminum Door Inc. to Cathay Bank is in the amount of $3,522,599.54 and is past due from November 30, 2005.

Payment is demanded with regard to that amount.

Please advise the undersigned as to whether payment will be made by wire transfer to Cathay Bank or by check, which we can arrange to pick up tomorrow.

In addition, you are informed that any further delinquency will cause the Bank to charge you interest at the default rate specified in the Credit Agreement.

In addition, pursuant to the various agreements that you have signed with Cathay Bank, Cathay Bank is exercising its right to inspection of your books and records.

{00293534.DOC;1}

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

United Aluminum Door Inc.
Attn:  Mr. Wayne Tam
January 10, 2006
Page 2


       Please advise me when we can have an auditor visit your offices to commence that audit and inspection.

Very truly yours,

Ronald B. Goodman

RBG:dd

cc:  Very-Tact International, Inc. (via Fedex)
     Archivisions, Inc. (via Fedex)
     Mr. Wayne Tam (via Fedex)
     Jen-Hao Mao (via Fedex)
     Sandy Liang (via Fedex)
     Kuo Win Liu (via Fedex)
     Mrs. Charlene H. Liu (via Fedex)

FedEx | Ship Manager | Label 7913 3391 7450

Page 1 of 1

From:    Origin ID:    (212)603-6378
Dalange Dupuy
ROBINSON BROG LEINWAND ET AL
1345 AVENUE OF THE AMERICAS,31ST FL

NEW YORK, NY 10105



Ship Date: 10JAN06
ActWgt: 1 LB
System#: 1247477/INET2300
Account#: S *********

REF: 25444.013



Delivery Address Bar Code

SHIP TO:    (800)846-1981        BILL SENDER
**Attn: Mr. Wayne Tam**
**United Aluminum Door Inc.**
**267 Vandervoort Avenue**

**Brooklyn, NY 112111718**



### PRIORITY OVERNIGHT                    **WED**

TRK#  **7913  3391  7450**    FORM 0201

**11211**    -NY-US

Deliver By:
11JAN06

JFK    A2

## Z5 GAMA



Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

https://www.fedex.com/cgi-bin/ship_it/unity/8CbZs7BdWs7GoSt8GcWu4CeRv7EfTz5Ib...    1/10/2006

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

1345 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10105-0143

MARSHALL E. BERNSTEIN
CHRISTINE H. BLACK
DAVID M. BLUMENTHAL *
AVRON I. BROG
NICHOLAS R. CAPUTO *
JOHN D. D'ERCOLE
FELICIA S. ENNIS *
SHARI J. FAGEN *
HARVEY FELDSCHREIBER
MICHAEL F. FITZGERALD
S. ASHER GAFFNEY
NEAL I. GANTCHER
MARSHALL J. GLUCK
ROBERT B. GLUCKMAN
NEIL S. GOLDSTEIN
RONALD B. GOODMAN
STEVE R. GRABER ◦
A. MITCHELL GREENE
MICHAEL E. GREENE
ROY A. JACOBS **
ROBERT R. LEINWAND

BABCOCK MACLEAN
ROBERT M. MILNER
LEONARD B. NATHANSON
ALAN M. POLLACK
ROGER A. RAIMOND ***
JEROME H. RETTIG
CHRISTY L. REUTER
FRED B. RINGEL *
A. STANLEY ROBINSON
ROBERT A. SCHACHTER
PHILIP T. SIMPSON
SCOTT A. STEINBERG ◦◦
RICHARD M. TICKTIN
PHILIP H. THOMAS

COUNSEL
DAVID C. BURGER
LEE PERSHAN
ALLEN J. ROTHMAN
ROBERT M. SASLOFF
LEON SCHEKTER

ANTHONY S. GENOVESE
1935-2005

* NY AND NJ BAR
** NY AND D.C. BARS
*** NY AND CONNECTICUT BARS
◦ NY AND TENNESSEE BARS
◦◦ NY AND FLORIDA BARS

212-603-6300

FAX 212-956-2164

January 10, 2006

Ronald B. Goodman
(212) 603-6313
goodman@robinsonbrog.com

**VIA FEDEX**

Archivisions, Inc.
267 Vandervoort Avenue
Brooklyn, New York 11211-1718

Attn: Mr. Wayne Tam

Re:     Cathay Bank v. United Aluminum Door Inc., Very-Tact International, Inc.,
        Archivisions, Inc., Wah Woon Tam a/k/a Wayne Tam, Jen-Hao Mao,
        Sandy Liang, Kuo Win Liu, and Charlene H. Liu

Dear Mr. Tam:

You are hereby put on notice of the default of United Aluminum Door Inc. If payment is not made by tomorrow, January 11, 2006, Cathay Bank will seek payment from you pursuant to your guaranty.

Very truly yours,

Ronald B. Goodman

RBG:dd

{00293602.DOC;1}

FedEx | Ship Manager | Label 7907 7437 6722                                           Page 1 of 1

From:   Origin ID: (212)603-6378
Dalange Dupuy
ROBINSON BROG LEINWAND ET AL
1345 AVENUE OF THE AMERICAS,31ST FL

NEW YORK, NY 10105



Ship Date: 10JAN06
ActWgt: 1 LB
System#: 1247477/INET2300
Account#: S *********
REF: 25444.013



Delivery Address Bar Code

SHIP TO:   (800)846-1981          BILL SENDER
**Attn: Mr. Wayne Tam**
**Archivisions, Inc.**
**267 Vandervoort Avenue**

**Brooklyn, NY 112111718**

**PRIORITY OVERNIGHT**                                        **WED**
                                                          Deliver By:
TRK#  **7907 7437 6722**    FORM    11JAN06
                            0201
                                              **JFK**      A2

**11211**    -NY-US

**Z5 GAMA**



Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

## ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

### 1345 AVENUE OF THE AMERICAS

### NEW YORK, NEW YORK 10105-0143

MARSHALL E. BERNSTEIN
CHRISTINE H. BLACK
DAVID M. BLUMENTHAL •
AVRON I. BROG
NICHOLAS R. CAPUTO •
JOHN D. D'ERCOLE
FELICIA S. ENNIS •
SHARI J. FAGEN •
HARVEY FELDSCHREIBER
MICHAEL F. FITZGERALD
S. ASHER GAFFNEY
NEAL I. GANTCHER
MARSHALL J. GLUCK
ROBERT B. GLUCKMAN
NEIL S. GOLDSTEIN
RONALD B. GOODMAN
STEVE R. GRABER ◦
A. MITCHELL GREENE
MICHAEL E. GREENE
ROY A. JACOBS **
ROBERT R. LEINWAND

BABCOCK MACLEAN
ROBERT M. MILNER
LEONARD B. NATHANSON
ALAN M. POLLACK
ROGER A. RAIMOND •••
JEROME H. RETTIG
CHRISTY L. REUTER
FRED B. RINGEL •
A. STANLEY ROBINSON
ROBERT A. SCHACHTER
PHILIP T. SIMPSON
SCOTT A. STEINBERG ∞
RICHARD M. TICKTIN
PHILIP H. THOMAS

COUNSEL
DAVID C. BURGER
LEE PERSHAN
ALLEN J. ROTHMAN
ROBERT M. SASLOFF
LEON SCHEKTER

ANTHONY S. GENOVESE
1935-2005

212-603-6300

FAX 212-956-2164

**January 10, 2006**

Ronald B. Goodman
(212) 603-6313
goodman@robinsonbrog.com

• NY AND NJ BAR
•• NY AND D.C. BARS
••• NY AND CONNECTICUT BARS
◦ NY AND TENNESSEE BARS
∞ NY AND FLORIDA BARS

## VIA FEDEX

Very-Tact International, Inc.
267 Vandervoort Avenue
Brooklyn, New York 11211-1718

Attn:  Mr. Wayne Tam

Re:    Cathay Bank v. United Aluminum Door Inc., Very-Tact International, Inc.,
       Archivisions, Inc., Wah Woon Tam a/k/a Wayne Tam, Jen-Hao Mao,
       Sandy Liang, Kuo Win Liu, and Charlene H. Liu

Dear Mr. Tam:

      You are hereby put on notice of the default of United Aluminum Door Inc.  If payment is not made by tomorrow, January 11, 2006, Cathay Bank will seek payment from you pursuant to your guaranty.

                              Very truly yours,

                              Ronald B. Goodman

RBG:dd

{00293597.DOC;1}

FedEx | Ship Manager | Label 7926 2813 8587

Page 1 of 1

From:   Origin ID:  (212)603-6378
Dalange Dupuy
ROBINSON BROG LEINWAND ET AL
1345 AVENUE OF THE AMERICAS, 31ST FL

NEW YORK, NY 10105



Ship Date: 10JAN06
ActWgt: 1 LB
System#: 1247477/INET2300
Account#: S *********

REF: 25444.013

SHIP TO:   (800)846-1981        BILL SENDER
**Attn:  Mr. Wayne Tam**
**Very-Tact International, Inc.**
**267 Vandervoort Avenue**

**Brooklyn, NY 112111718**

Delivery Address Bar Code



**PRIORITY OVERNIGHT**                    **WED**
Deliver By:
TRK#   **7926 2813 8587**   FORM   11JAN06
0201
                                          JFK      A2

11211   -NY-US

**Z5 GAMA**



Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

1345 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10105-0143

| | | 212-603-6300 |
|---|---|---|

MARSHALL E. BERNSTEIN
CHRISTINE H. BLACK
DAVID M. BLUMENTHAL *
AVRON I. BROG
NICHOLAS R. CAPUTO *
JOHN D. D'ERCOLE
FELICIA S. ENNIS *
SHARI J. FAGEN *
HARVEY FELDSCHREIBER
MICHAEL F. FITZGERALD
S. ASHER GAFFNEY
NEAL I. GANTCHER
MARSHALL J. GLUCK
ROBERT B. GLUCKMAN
NEIL S. GOLDSTEIN
RONALD B. GOODMAN
STEVE R. GRABER ◊
A. MITCHELL GREENE
MICHAEL E. GREENE
ROY A. JACOBS **
ROBERT R. LEINWAND

BABCOCK MACLEAN
ROBERT M. MILNER
LEONARD B. NATHANSON
ALAN M. POLLACK
ROGER A. RAIMOND ***
JEROME H. RETTIG
CHRISTY L. REUTER
FRED B. RINGEL *
A. STANLEY ROBINSON
ROBERT A. SCHACHTER
PHILIP T. SIMPSON
SCOTT A. STEINBERG ∞
RICHARD M. TICKTIN
PHILIP H. THOMAS

COUNSEL
DAVID C. BURGER
LEE PERSHAN
ALLEN J. ROTHMAN
ROBERT M. SASLOFF
LEON SCHEKTER

FAX 212-956-2164

January 10, 2006

Ronald B. Goodman
(212) 603-6313
goodman@robinsonbrog.com

ANTHONY S. GENOVESE
1935-2005

* NY AND NJ BAR
** NY AND D.C. BARS
*** NY AND CONNECTICUT BARS
◊ NY AND TENNESSEE BARS
∞ NY AND FLORIDA BARS

**VIA FEDEX**

Mr. Wayne Tam
90 West Broadway, Apt. 5A
New York, New York 10007-1009

> Re:    Cathay Bank v. United Aluminum Door Inc., Very-Tact International, Inc.,
> Archivisions, Inc., Wah Woon Tam a/k/a Wayne Tam, Jen-Hao Mao,
> Sandy Liang, Kuo Win Liu, and Charlene H. Liu

Dear Mr. Tam:

You are hereby put on notice of the default of United Aluminum Door Inc. If payment is not made by tomorrow, January 11, 2006, Cathay Bank will seek payment from you pursuant to your guaranty.

Very truly yours,

Ronald B. Goodman

RBG:dd

{00293604.DOC;1}

FedEx | Ship Manager | Label 7918 2994 9239                                   Page 1 of 1

From:    Origin ID: (212)603-6378
Dalange Dupuy
ROBINSON BROG LEINWAND ET AL
1345 AVENUE OF THE AMERICAS, 31ST FL

NEW YORK, NY 10105



Ship Date: 10JAN06
ActWgt: 1 LB
System#: 1247477/INET2300
Account#: S *********

REF: 25444.013

Delivery Address Bar Code

SHIP TO:    (212)603-6313          BILL SENDER
**Mr. Wayne Tam**
**Mr. Wayne Tam**
**90 West Broadway, Apt. 5A**

**New York, NY 100071009**



**PRIORITY OVERNIGHT**                                    **WED**

TRK#  **7918 2994 9239**     FORM     Deliver By:
0201                                                    11JAN06

                                                         **EWR**     A1

**10007**     -NY-US
RES                           **Z1 FIDA**

Shipping Label: Your shipment is complete

1.  Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.

2.  Fold the printed page along the horizontal line.

3.  Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

1345 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10105-0143

MARSHALL E. BERNSTEIN
CHRISTINE H. BLACK
DAVID M. BLUMENTHAL *
AVRON I. BROG
NICHOLAS R. CAPUTO *
JOHN D. D'ERCOLE
FELICIA S. ENNIS *
SHARI J. FAGEN *
HARVEY FELDSCHREIBER
MICHAEL F. FITZGERALD
S. ASHER GAFFNEY
NEAL I. GANTCHER
MARSHALL J. GLUCK
ROBERT B. GLUCKMAN
NEIL S. GOLDSTEIN
RONALD B. GOODMAN
STEVE R. GRABER ◦
A. MITCHELL GREENE
MICHAEL E. GREENE
ROY A. JACOBS **
ROBERT R. LEINWAND

BABCOCK MACLEAN
ROBERT M. MILNER
LEONARD B. NATHANSON
ALAN M. POLLACK
ROGER A. RAIMOND ***
JEROME H. RETTIG
CHRISTY L. REUTER
FRED B. RINGEL *
A. STANLEY ROBINSON
ROBERT A. SCHACHTER
PHILIP T. SIMPSON
SCOTT A. STEINBERG ∞
RICHARD M. TICKTIN
PHILIP H. THOMAS

COUNSEL
DAVID C. BURGER
LEE PERSHAN
ALLEN J. ROTHMAN
ROBERT M. SASLOFF
LEON SCHEKTER

ANTHONY S. GENOVESE
1935-2005

212-603-6300

———

FAX 212-956-2164

January 10, 2006

Ronald B. Goodman
(212) 603-6313
goodman@robinsonbrog.com

* NY AND NJ BAR
** NY AND D.C. BARS
*** NY AND CONNECTICUT BARS
◦ NY AND TENNESSEE BARS
∞ NY AND FLORIDA BARS

**VIA FEDEX**

Jen-Hao Mao
96 Schermerhorn, Apt. 5C
Brooklyn, New York 11201

Re:    Cathay Bank v. United Aluminum Door Inc., Very-Tact International, Inc.,
       Archivisions, Inc., Wah Woon Tam a/k/a Wayne Tam, Jen-Hao Mao,
       Sandy Liang, Kuo Win Liu, and Charlene H. Liu

Dear Jen-Hao Mao:

You are hereby put on notice of the default of United Aluminum Door Inc.  If payment is not made by tomorrow, January 11, 2006, Cathay Bank will seek payment from you pursuant to your guaranty.

Very truly yours,

Ronald B. Goodman

RBG:dd

{00293605.DOC;1}

FedEx | Ship Manager | Label 7918 2995 3128

Page 1 of 1

From:   Origin ID:  (212)603-6378
Dalange Dupuy
ROBINSON BROG LEINWAND ET AL
1345 AVENUE OF THE AMERICAS,31ST FL

NEW YORK, NY 10105



Ship Date: 10JAN06
ActWgt: 1 LB
System#: 1247477/INET2300
Account#: S ********

REF: 25444.013

SHIP TO:   (212)603-6313          BILL SENDER
**Jen-Hao Mao**
**Jen-Hao Mao**
**96 Schermerhorn, Apt. 5C**

**Brooklyn, NY 11201**

Delivery Address Bar Code

**PRIORITY OVERNIGHT**                          **WED**

TRK#   **7918 2995 3128**     FORM 0201     Deliver By:
11JAN06

EWR          A2

**11201**   -NY-US
RES                          **Z3 EGXA**



Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

1345 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10105-0143

MARSHALL E. BERNSTEIN
CHRISTINE H. BLACK
DAVID M. BLUMENTHAL •
AVRON I. BROG
NICHOLAS R. CAPUTO •
JOHN D. D'ERCOLE
FELICIA S. ENNIS •
SHARI J. FAGEN •
HARVEY FELDSCHREIBER
MICHAEL F. FITZGERALD
S. ASHER GAFFNEY
NEAL I. GANTCHER
MARSHALL J. GLUCK
ROBERT B. GLUCKMAN
NEIL S. GOLDSTEIN
RONALD B. GOODMAN
STEVE R. GRABER ◦
A. MITCHELL GREENE
MICHAEL E. GREENE
ROY A. JACOBS ••
ROBERT R. LEINWAND

BABCOCK MACLEAN
ROBERT M. MILNER
LEONARD B. NATHANSON
ALAN M. POLLACK
ROGER A. RAIMOND •••
JEROME H. RETTIG
CHRISTY L. REUTER
FRED B. RINGEL •
A. STANLEY ROBINSON
ROBERT A. SCHACHTER
PHILIP T. SIMPSON
SCOTT A. STEINBERG ◦◦
RICHARD M. TICKTIN
PHILIP H. THOMAS

COUNSEL
DAVID C. BURGER
LEE PERSHAN
ALLEN J. ROTHMAN
ROBERT M. SASLOFF
LEON SCHEKTER

ANTHONY S. GENOVESE
1935-2005

212-603-6300

FAX 212-956-2164

January 10, 2006

• NY AND NJ BAR
•• NY AND D.C. BARS
••• NY AND CONNECTICUT BARS
◦ NY AND TENNESSEE BARS
◦◦ NY AND FLORIDA BARS

Ronald B. Goodman
(212) 603-6313
goodman@robinsonbrog.com

**VIA FEDEX**

Charlene H. Liu
90 West Broadway, Apt. 5A
New York, New York 10007-1009

Re:    Cathay Bank v. United Aluminum Door Inc., Very-Tact International, Inc.,
       Archivisions, Inc., Wah Woon Tam a/k/a Wayne Tam, Jen-Hao Mao,
       Sandy Liang, Kuo Win Liu, and Charlene H. Liu

Dear Mrs. Liu:

        You are hereby put on notice of the default of United Aluminum Door Inc.  If
payment is not made by tomorrow, January 11, 2006, Cathay Bank will seek payment from you
pursuant to your guaranty.

                            Very truly yours,

                            Ronald B. Goodman

RBG:dd

{00293613.DOC;1}

FedEx | Ship Manager | Label 7913 3395 7810

Page 1 of 1

From:    Origin ID:    (212)603-6378
Dalange Dupuy
ROBINSON BROG LEINWAND ET AL
1345 AVENUE OF THE AMERICAS,31ST FL

NEW YORK, NY 10105



Ship Date: 10JAN06
ActWgt: 1 LB
System#: 1247477/INET2300
Account#: S *********

REF: 25444.013



Delivery Address Bar Code

SHIP TO:    (212)603-6313        BILL SENDER

**Mrs. Charlene H. Liu**
**Mrs. Charlene H. Liu**
**90 West Broadway, Apt. 5A**

**New York, NY 100071009**



**PRIORITY OVERNIGHT**                    **WED**

TRK#  **7913 3395 7810**    FORM    Deliver By:
0201    11JAN06

                                    **EWR**    A1

**10007**  -NY-US
RES                    **Z1 FIDA**



...........................................................................................................................................

Shipping Label: Your shipment is complete
1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.
**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

1345 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10105-0143

MARSHALL E. BERNSTEIN
CHRISTINE H. BLACK
DAVID M. BLUMENTHAL *
AVRON I. BROG
NICHOLAS R. CAPUTO *
JOHN D. D'ERCOLE
FELICIA S. ENNIS *
SHARI J. FAGEN *
HARVEY FELDSCHREIBER
MICHAEL F. FITZGERALD
S. ASHER GAFFNEY
NEAL I. GANTCHER
MARSHALL J. GLUCK
ROBERT B. GLUCKMAN
NEIL S. GOLDSTEIN
RONALD B. GOODMAN
STEVE R. GRABER ◊
A. MITCHELL GREENE
MICHAEL E. GREENE
ROY A. JACOBS **
ROBERT R. LEINWAND

BABCOCK MACLEAN
ROBERT M. MILNER
LEONARD B. NATHANSON
ALAN M. POLLACK
ROGER A. RAIMOND ***
JEROME H. RETTIG
CHRISTY L. REUTER
FRED B. RINGEL *
A. STANLEY ROBINSON
ROBERT A. SCHACHTER
PHILIP T. SIMPSON
SCOTT A. STEINBERG ∞
RICHARD M. TICKTIN
PHILIP H. THOMAS

COUNSEL
DAVID C. BURGER
LEE PERSHAN
ALLEN J. ROTHMAN
ROBERT M. SASLOFF
LEON SCHEKTER

ANTHONY S. GENOVESE
1935-2005

* NY AND NJ BAR
** NY AND D.C. BARS
*** NY AND CONNECTICUT BARS
◊ NY AND TENNESSEE BARS
∞ NY AND FLORIDA BARS

212-603-6300

FAX 212-956-2164

**January 10, 2006**

Ronald B. Goodman
(212) 603-6313
goodman@robinsonbrog.com

**VIA FEDEX**

Kuo Win Liu
575 Summit Street
Englewood Cliff, New Jersey 07632

Re:    Cathay Bank v. United Aluminum Door Inc., Very-Tact International, Inc.,
       Archivisions, Inc., Wah Woon Tam a/k/a Wayne Tam, Jen-Hao Mao,
       Sandy Liang, Kuo Win Liu, and Charlene H. Liu

Dear Kuo Win Liu:

        You are hereby put on notice of the default of United Aluminum Door Inc. If
payment is not made by tomorrow, January 11, 2006, Cathay Bank will seek payment from you
pursuant to your guaranty.

                        Very truly yours,

                        Ronald B. Goodman

RBG:dd

{00293609.DOC;1}

FedEx | Ship Manager | Label 7907 7436 9514

Page 1 of 1

From:   Origin ID: (212)603-6378
Dalange Dupuy
ROBINSON BROG LEINWAND ET AL
1345 AVENUE OF THE AMERICAS,31ST FL

NEW YORK, NY 10105



Ship Date: 10JAN06
ActWgt: 1 LB
System#: 1247477/INET2300
Account#: S *********

REF: 25444.013



Delivery Address Bar Code

SHIP TO: (212)603-6313     BILL SENDER
**Kuo Win Liu**
**Kuo Win Liu**
**575 Summit Street**

**Englewood Cliff, NJ 07632**

**PRIORITY OVERNIGHT**                **WED**
Deliver By:
TRK#  **7907  7436  9514**   FORM   11JAN06
0201
**EWR**   A1

07632   -NJ-US
RES

**Z3 MSVA**

Shipping Label: Your shipment is complete
1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

1345 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10105-0143

MARSHALL E. BERNSTEIN
CHRISTINE H. BLACK
DAVID M. BLUMENTHAL *
AVRON I. BROG
NICHOLAS R. CAPUTO *
JOHN D. D'ERCOLE
FELICIA S. ENNIS *
SHARI J. FAGEN *
HARVEY FELDSCHREIBER
MICHAEL F. FITZGERALD
S. ASHER GAFFNEY
NEAL I. GANTCHER
MARSHALL J. GLUCK
ROBERT B. GLUCKMAN
NEIL S. GOLDSTEIN
RONALD B. GOODMAN
STEVE R. GRABER ◊
A. MITCHELL GREENE
MICHAEL E. GREENE
ROY A. JACOBS **
ROBERT R. LEINWAND

BABCOCK MACLEAN
ROBERT M. MILNER
LEONARD B. NATHANSON
ALAN M. POLLACK
ROGER A. RAIMOND ***
JEROME H. RETTIG
CHRISTY L. REUTER
FRED B. RINGEL *
A. STANLEY ROBINSON
ROBERT A. SCHACHTER
PHILIP T. SIMPSON
SCOTT A. STEINBERG ∞
RICHARD M. TICKTIN
PHILIP H. THOMAS

COUNSEL
DAVID C. BURGER
LEE PERSHAN
ALLEN J. ROTHMAN
ROBERT M. SASLOFF
LEON SCHEKTER

ANTHONY S. GENOVESE
1935-2005

* NY AND NJ BAR
** NY AND D.C. BARS
*** NY AND CONNECTICUT BARS
◊ NY AND TENNESSEE BARS
∞ NY AND FLORIDA BARS

212-603-6300

FAX 212-956-2164

January 10, 2006

Ronald B. Goodman
(212) 603-6313
goodman@robinsonbrog.com

**VIA FEDEX**

Sandy Liang
24 Eugene Street
Melville, New York 11747

      Re:    Cathay Bank v. United Aluminum Door Inc., Very-Tact International, Inc.,
             Archivisions, Inc., Wah Woon Tam a/k/a Wayne Tam, Jen-Hao Mao,
             Sandy Liang, Kuo Win Liu, and Charlene H. Liu

Dear Sandy Liang:

      You are hereby put on notice of the default of United Aluminum Door Inc. If
payment is not made by tomorrow, January 11, 2006, Cathay Bank will seek payment from you
pursuant to your guaranty.

                    Very truly yours,

                    Ronald B. Goodman

RBG:dd

{00293608.DOC;1}

FedEx | Ship Manager | Label 7926 2816 5786

Page 1 of 1

From:    Origin ID:   (212)603-6378
Dalange Dupuy
ROBINSON BROG LEINWAND ET AL
1345 AVENUE OF THE AMERICAS, 31ST FL

NEW YORK, NY 10105



Ship Date: 10JAN06
ActWgt: 1 LB
System#: 1247477/INET2300
Account#: S *********

REF: 25444.013



Delivery Address Bar Code

SHIP TO:    (212)603-6313        BILL SENDER

**Sandy Liang**
**Sandy Liang**
**24 Eugene Street**

**Melville, NY 11747**

**PRIORITY OVERNIGHT**                              **WED**
                                                  Deliver By:
TRK#   **7926  2816  5786**    FORM    11JAN06
                               0201
                                              **JFK**    A2

**11747**    -NY-US
RES                        **Z5 ZMVA**

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# EXHIBIT CC

## FORBEARANCE AGREEMENT

**THIS FORBEARANCE AGREEMENT** ("Agreement") dated as of the 1st day of March 2006, by **CATHAY BANK**, a California corporation (the "Bank"), **UNITED ALUMINUM DOOR INC.**, a New York corporation (the "Borrower"), and **VERY-TACT INTERNATIONAL, INC.**, a New York corporation, **ARCHIVISIONS, INC.**, a New York corporation, **WAH WOON TAM a/k/a WAYNE TAM**, an individual and New York resident, **JEN-HAO MAO**, an individual and New York resident, **SANDY LIANG**, an individual and New York resident, and **KUO WIN LIU**, an individual and New Jersey resident (individually, a "Guarantor" and collectively, the "Guarantors").

## W I T N E S S E T H

**WHEREAS**, on or about September 15, 2000, the Bank and the Borrower entered into a Credit Agreement (the "Loan Agreement") pursuant to which the Bank agreed to make available to the Borrower a loan in the aggregate principal amount of $1,500,000 (the "Loan"); and

**WHEREAS**, pursuant to the Loan Agreement, and in consideration of the Loan and other financial accommodations to be extended to the Borrower, and to evidence and secure the payment and performance of all of the Borrower's indebtedness, liabilities and obligations owing to the Bank (hereinafter referred to as the "Obligations"), the Borrower executed and delivered to the Bank a Revolving Note, dated September 15, 2000, in the original principal amount of $1,500,000 (the "Note") and granted to the Bank a first priority security interest in the Collateral as such term is defined in the General Security Agreement dated September 15, 2000, between the Bank and the Borrower (the "Security Agreement"); and

**WHEREAS**, in consideration of the Loan and to further secure the payment and performance of the Obligations, each of the Guarantors executed and delivered to the Bank a Guaranty (individually, the "Guaranty" and collectively, the "Guaranties"; which together with the Loan Agreement, the Note, the Security Agreement and all other documents, instruments and agreements evidencing or securing the Loan as such may be amended from time to time, the "Loan Documents"), guaranteeing the full and prompt payment and performance of the Obligations with certain limitations applying to the individuals only; and

**WHEREAS**, the Bank entered into a Fourth Modification of Credit Agreement, dated May 2, 2005, pursuant to which the Bank agreed to increase the amount of the Loan to $3,500,000; and

**WHEREAS**, pursuant to the Loan Agreement and in consideration of the Loan and other financial accommodations extended to the Borrower and evidence and secure the payment and performance of all of Borrower's indebtedness, liabilities and Obligations coming from the Bank, the Borrower executed and delivered to the Bank an Amended and Restated Revolving Note, dated May 2, 2005, in the principal amount of $3,500,000; and

**WHEREAS**, in consideration of the Loan and to further secure the payment and performance of the Obligations, each of the Guarantors executed and delivered to the Bank a Compliance Agreement, dated May 2, 2005; and

**WHEREAS**, in consideration of the Loan and to further secure the payment and performance of the Obligations, each of the Guarantors executed and delivered to the Bank a Guaranty, guaranteeing the full and prompt payment and the performance of the Obligations with the exception of certain limitations of the individual Guarantors and that these Guaranties were dated May 2, 2005; and

**WHEREAS**, as a result of one or more Events of Default under the Loan Documents, the Borrower and the Guarantors requested the Bank forbear in exercising its rights under the Loan Documents and as a result the Bank agreed to forbear pursuant to the terms and conditions of a Loan Extension Agreement and Modification of Note, dated July 6, 2005, by and among the Bank, the Borrower and the Guarantors with all Obligations of Borrower and Guarantors being due on November 30, 2005; and

**WHEREAS**, the Borrower and Guarantors acknowledge that the obligation of the Bank to forbear pursuant to the Loan Extension Agreement and Modification of Note, dated July 6, 2005, has terminated and accordingly, as a result, one or more Events of Default under the Loan Documents, which have occurred and are continuing, the Bank may: (i) make demand under the Note on the Borrower for payment of all Obligations; and (ii) make demand under the Guaranty Agreements on the Guarantors for payment of all Obligations; and

**WHEREAS**, the Borrower and Guarantors have requested the Bank to forbear from exercising its right as a result of such Events of Default for a certain period of time and on certain conditions as set forth herein; and

**WHEREAS**, the Bank is willing to so forbear provided that such forbearance does not waive or otherwise prejudice the rights of the Bank and on the terms on conditions set forth herein.

**NOW, THEREFORE**, in consideration of the foregoing, and the respective agreements, warranties and covenants contained herein, the parties hereto agree, covenant and warrant as follows (the agreements, covenants and warranties of the Borrower and the Guarantors being joint and several):

SECTION 1.  <u>DEFINITIONS</u>

1.1    <u>Additional Definitions.</u>  As used herein, the following terms shall have the respective meanings given to them below and the Loan Agreement shall be deemed and is hereby amended to include, in addition and not in limitation, each of the following definitions:

(a)    "Existing Defaults" shall mean the Events of Default that have occurred which are described on Exhibit A hereto.

(b)    "Termination Date" shall have the meaning given to such term in Section 3.2.

1.2    Interpretation.  All capitalized terms used herein shall have the meanings assigned thereto in the Loan Documents unless otherwise defined herein.

SECTION 2.  ACKNOWLEDGEMENT

2.1    Acknowledgment of Obligations.  The Borrower and each Guarantor hereby acknowledge, confirm and agree that as of the date hereof, the Borrower is indebted to the Bank for loans, advances and other financial accommodations under the Loan Documents in the aggregate principal amount (as of November 30, 2005) of $3,522,599.54, which amount is unconditionally owing by the Borrower to the Bank, together with interest hereafter accruing, and costs and expenses and other charges now or hereafter owed by the Borrower or the Guarantors to the Bank, all without offset, defense or counterclaim of any kind, nature or description whatsoever.

2.2    Acknowledgment of Security Interests.  The Borrower and each Guarantor hereby acknowledges, confirms and agrees that Bank has and shall continue to have valid, enforceable and perfected liens upon and security interests in the Collateral of the Borrower or each Guarantor heretofore granted to the Bank pursuant to the Loan Documents or otherwise granted to or held by the Bank.

2.3    Binding Effect of Documents.  The Borrower and each Guarantor hereby acknowledges, confirms and agrees that except as specifically set forth in this Agreement: (a) each of the Loan Documents to which it is a party has been duly executed and delivered to the Bank by the Borrower or such Guarantor, as the case may be, and each is in full force and effect as of the date hereof, (b) the agreements and Obligations of the Borrower or such Guarantor contained in such documents constitute the legal, valid and binding Obligations of the Borrower or such Guarantor, as the case may be, enforceable against each respective party in accordance with their respective terms and the Borrower and Guarantors have no valid defense to the enforcement of such Obligations, and (c) the  Bank is and shall be entitled to the rights, remedies and benefits provided for in the Loan Documents.

SECTION 3.  FORBEARANCE

3.1    Acknowledgment of Default.  The Borrower and each Guarantor hereby acknowledges and agrees that the Existing Defaults have occurred and are continuing, each of which constitutes an Event of Default and entitles the Bank to exercise its rights and remedies under the Loan Documents, applicable law or otherwise.  The Bank has not waived, presently does not intend to waive and may never waive such Existing Defaults and nothing contained herein or the transactions contemplated hereby shall be deemed to constitute any such waiver. The Borrower and each Guarantor hereby acknowledges and agrees that the Bank has the right to declare the Obligations to be immediately due and payable under the terms of the Loan Documents.

3.2     Forbearance.

(a)     In reliance upon the representations, warranties and covenants of the Borrower and the Guarantors contained in this Agreement, and subject to the terms and conditions of this Agreement and any documents or instruments executed in connection herewith, the Bank agrees to forbear from exercising its rights and remedies under the Loan Documents, applicable law or otherwise, to the effect that the rights and benefits otherwise available to the Borrower under the Loan Agreements in the absence of an Event of Default shall continue until the earliest of the following dates (the earliest of such dates being referred to herein as the "Termination Date"):

(i)     December 31, 2006, or

(ii)     the date of any occurrence of default or noncompliance with the terms of this Agreement; or

(iii)     the date of the occurrence of any Event of Default, other than the Existing Defaults.

(b)     Upon the Termination Date, the agreement of the Bank to forbear shall automatically and without further action terminate and be of no force and effect, it being understood and agreed that the effect of such termination will be to permit the Bank to exercise such rights and remedies immediately, including, but not limited to, the acceleration of the Obligations without any further notice, passage of time or forbearance of any kind.

(c)     The Borrower and each Guarantor agrees that all of the Obligations shall, if not sooner paid, be absolutely and unconditionally due and payable in full in cash or other immediately available funds by the Borrower and Guarantors to the Bank on the Termination Date. No termination of the Loan Agreement or any provisions thereof shall relieve or discharge the Borrower or any Guarantor of its duties, covenants and Obligations under the Loan Agreement and the other Loan Documents until all Obligations have been finally paid in full.

3.3     No Other Waivers; Reservation of Rights.

(a)     The Bank has not waived, is not by this Agreement waiving and has no intention of waiving, any Events of Default which may be continuing on the date hereof or any Events of Default which may occur after the date hereof (whether the same or similar to the Existing Defaults or otherwise), and except as expressly set forth in Section 3.2 hereof, the Bank has not agreed to forbear with respect to any of its rights or remedies concerning any Events of Default (other than the Existing Defaults), which may have occurred or are continuing as of the date hereof or which may occur after the date hereof. Nothing contained herein shall be construed as the agreement of the Bank to forbear from the exercise of its rights with respect to Events of Default arising after the date as to any Existing Default set forth in Exhibit A hereto as to such Existing Default.

(b)     Subject to Section 3.2 above, the Bank reserves the right, in its discretion, to exercise any or all of its rights and remedies under the Loan Documents as a result of any

Events of Default which may be continuing on the date hereof or any Event of Default which may occur after the date hereof, and the Bank has not waived any of such rights or remedies, and nothing in this Agreement, and no delay on its part in exercising any such rights or remedies, should be construed as a waiver of any such rights or remedies.

SECTION 4.   MODIFICATIONS

4.1     The Borrower agrees to make a principal payment of $250,000 on or before April 7, 2006.

4.2     The Borrower agrees to make payment to the Bank of 10% of every account receivable collected or retention collected commencing with the execution of this Agreement be applied against principal.

4.3     The Borrower agrees to make payment of an Extension Fee of $100,000. Said payment of $100,000 shall be made as follows: $25,000 on execution; $25,000 on August 1, 2006; $25,000 on October 1, 2006; and $25,000 on December 1, 2006. However, $65,000 of said fee will be returned (or forgiven as appropriate) to the Borrower if the Bank has been paid in full prior to September 30, 2006.

4.4     The Borrower shall permit the Bank's selected auditors access to its books and records as the Bank deems appropriate.

4.5     The Borrower will continue to file weekly reports with the Bank, including but not limited to, all reports designated by the Bank that are required for reporting purposes.

4.6     Sandy Liang, agrees to grant to the Bank a second Mortgage of her home located at 24 Eugene Street, Melville, New York 11747 as further collateral for the Bank's extension of the Loan, in form and substance satisfactory to the Bank.

4.7     The Borrower agrees to retain within sixty days from execution of this Agreement a turn-around consultant, acceptable to the Bank within thirty days of the execution of this Agreement, to further evaluate the financial condition of the Borrower.

4.8     Effective on the execution of this Agreement, the rate of interest charged by the Bank to the Borrower shall be increased by 1⅛ % above the rate charged by the Bank to the Borrower on November 30, 2005.

4.9     Wayne Tam a/k/a Wah Woon Tam, Jen-Hao Mao, Sandy Liang, Kuo Win Liu shall reaffirm their guaranties and continue to guaranty the Borrowers debt and obligations to the Bank.

4.10    The four Guarantors specified in paragraph 4.9 must submit personal financial statements in a form acceptable to the Bank and copies of their 2003, 2004 and 2005 federal, state and city tax returns within thirty days of the execution of this Agreement.

4.11    The Borrower shall be barred during the term of this Agreement from making any payment to shareholders or officers of the Borrower in repayment of any loans, advances or indebtedness (the payment of salary in the ordinary course of business shall not apply herein).  Any violation of this provision shall be considered an immediate default under this Agreement.

4.12    The Borrower shall submit to the Bank a Certified Public Accountant's Financial Statement in a form acceptable to the Bank within 30 days of this Agreement.

4.13    The Borrower shall submit to the Bank its corporate tax returns for 2003, 2004 and 2005 within 30 days of the execution of this Agreement.

4.14    The Borrower must submit to the Bank monthly statements in the form acceptable to the Bank within 30 days of the end of each month.

4.15    The minimum adjusted tangible net worth shall not be less than $4 million.

4.16    The Borrower may not bid on any project or contract below its cost.

4.17    The Borrower must be current with regard to the payment of federal and state withholding tax.

Any violation of the above modifications shall be considered a default of this Agreement and the Bank reserves the right in its discretion to exercise any and all of its rights and remedies under the Loan Documents.

SECTION 5.   RELEASE

5.1    Release.

(a)    In consideration of the agreements of the Bank contained herein and the making of loans by the Bank to the Borrower pursuant to the Loan Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Borrower and each Guarantor on behalf of themselves and their successors, assigns, and other legal representatives, hereby, jointly and severally, absolutely, unconditionally and irrevocably releases, remises and forever discharges the Bank, its successors and assigns, and its present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees, agents and other representatives (the Bank and all such other parties being hereinafter referred to collectively as the "Releasees" and individually as a "Releasee"), of and from all demands, actions, causes of action, suits, covenants, contracts, controversies, agreements, promises, sums of money, accounts, bills, reckonings, damages and any and all other claims, counterclaims, defenses, rights of set-off, demands and liabilities whatsoever (individually, a "Claim" and collectively, "Claims") of every name and nature, known or unknown, suspected or unsuspected, both at law and in equity, which the Borrower or any Guarantor, or any of its successors, assigns, or other legal representatives may now or hereafter own, hold, have or claim to have against the Releasees or any of them for, upon, or by

reason of any nature, cause or thing whatsoever which arises at any time on or prior to the day and date of this Agreement, including, without limitation, for or on account of, or in relation to, or in any way in connection with the Loan Agreement, as amended and supplemented through the date hereof and the other Loan Documents.

(b)  The Borrower and each Guarantor understands, acknowledges and agrees that the release set forth above may be pleaded as a full and complete defense and may be used as a basis for an injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of the provisions of such release.

(c)  The Borrower and each Guarantor agrees that no fact, event, circumstance, evidence or transaction which could now be asserted or which may hereafter be discovered shall affect in any manner the final and unconditional nature of the release set forth above.

5.2  Covenant Not to Sue.  The Borrower and each Guarantor, on behalf of themselves and their successors, assigns, and other legal representatives, hereby absolutely, unconditionally and irrevocably, jointly and severally, covenants and agrees with each Releasee that it will not sue (at law, in equity, in any regulatory proceeding or otherwise) any Releasee on the basis of any Claim released, remised and discharged by the Borrower or any Guarantor pursuant to Section 4.1 above.  If the Borrower or any Guarantor violates the foregoing covenant, the Borrower and each Guarantor agrees to pay, in addition to such other damages as any Releasee may sustain as a result of such violation, all attorneys' fees and costs incurred by any Releasee as a result of such violation.

# SECTION 6.   REPRESENTATIONS, WARRANTIES AND COVENANTS

The Borrower and Guarantors hereby jointly and severally represent, warrant and covenant with and to the Bank as follows:

6.1  Binding Effect of Documents.  This Agreement and the other Loan Documents have been duly executed and delivered to the Bank by the Borrower and each Guarantor and are in full force and effect. The agreements and Obligations of the Borrower and each Guarantor contained in such documents constitute legal, valid and binding obligations of each such party enforceable by the Bank against each such party in accordance with their respective terms.

6.2  No Conflict, Etc.  The execution and delivery and performance of this Agreement by the Borrower and each Guarantor will not violate any material agreement, instrument or undertaking by which it is bound, and will not result in, or require, the creation or imposition of any lien, charge, security interest or other encumbrance on any of its properties or revenues.

6.3  Additional Events of Default.  The parties hereto acknowledge, confirm and agree that the failure of the Borrower or any Guarantor to comply with the covenants, conditions and agreements contained herein or in any other agreement, document or instrument at any time executed and/or delivered by the Borrower or any Guarantor with, to or in favor of

the Bank shall constitute an Event of Default under the Loan Agreement and the other Loan Documents.

      6.4    <u>Compliance with Loan Documents.</u>  The Borrower and each Guarantor shall perform and comply with all of their respective Obligations under the Loan Documents except as expressly and specifically altered by this Agreement.

## SECTION 7.  <u>CONDITIONS TO EFFECTIVENESS OF THIS AGREEMENT</u>

      This Agreement shall only be effective upon the satisfaction of each of the following conditions precedent in a manner satisfactory to the Bank:

      7.1    No Event of Default (other than the Existing Defaults) shall have occurred and be continuing and no event shall have occurred or condition be existing and continuing, which with notice or passage of time or both, would constitute an Event of Default.

      7.2    The Borrower and the Guarantors have paid an extension fee to the Bank in the amount of $100,000 and a principal payment of $250,000.

      7.3    The execution and recording of the second Mortgage to the premises 24 Eugene Street, Melville, New York is in a form satisfactory to the Bank.

## SECTION 8.  <u>PROVISIONS OF GENERAL APPLICATION</u>

      8.1    <u>Effect of this Agreement.</u>  Except as modified pursuant hereto, no other changes or modifications to the Loan Documents are intended or implied and in all other respects the Loan Documents are hereby specifically ratified, restated and confirmed by all parties hereto as of the effective date hereof.  To the extent of conflict between the terms of this Agreement and the other Loan Documents, the terms of this Agreement shall control.  The Loan Agreement and this Agreement shall be read and construed as one agreement.

      8.2    <u>Modification of Note</u>.  Your Note is hereby modified to extend the maturity date thereof for a period from November 30, 2005 to December 31, 2006.

      8.3    <u>Further Assurances.</u>  The parties hereto shall execute and deliver such additional documents and take such additional action as may be necessary or desirable to effectuate the provisions and purposes of this Agreement.

      8.4    Except as specifically modified or amended by this Agreement, the provisions of the Note remain unchanged and in full force and effect.

      8.5    <u>Merger.</u>  This Agreement and the documents executed in connection herewith represent the entire expression of the agreement of the Borrower, the Guarantors and the Bank regarding the matters set forth herein.  No modification, rescission, waiver, release or amendment of any provision of this Agreement shall be made, except by a written agreement signed by the Borrower, the Guarantors and a duly authorized officer of the Bank.

8.6    <u>Governing Law; Venue.</u>  Notwithstanding any other provision in the Loan Documents, the rights and Obligations hereunder of each of the parties hereto shall be governed by and interpreted and determined in accordance with the internal substantive laws of the State of New York.  If there is a lawsuit, the Borrower and each of the Guarantors agree upon the Bank's request to submit to the jurisdiction of the courts of New York County, New York.

8.7    <u>Binding Effect.</u>  This Agreement shall be binding upon and inure to the benefit of each of the parties hereto and their respective successors and assigns.

8.8    <u>Survival of Representations and Warranties.</u>  All representations and warranties made in this Agreement or any other document furnished in connection with this Agreement shall survive the execution and delivery of this Agreement and the other documents, and no investigation by the Bank or any closing shall affect the representations and warranties or the right of the Bank to rely upon them.

8.9    <u>Severability.</u>  Any provision of this Agreement held by a court of competent jurisdiction to be invalid or unenforceable shall not impair or invalidate the remainder of this Agreement and the effect thereof shall be confirmed to the provision so held to be invalid or unenforceable.

8.10    <u>Reviewed by Attorneys.</u>  The Borrower and each Guarantor represents and warrants that it (a) understands fully the terms of this Agreement and the consequences of the execution and delivery of this Agreement, (b) has been afforded an opportunity to have this Agreement reviewed by, and to discuss this Agreement and document executed in connection herewith with, such attorneys and other persons as the Borrower and each Guarantor may wish, and (c) has entered into this Agreement and executed and delivered all documents in connection herewith of its own free will and accord and without threat, duress or other coercion of any kind by any person.  The parties hereto acknowledge and agree that neither this Agreement nor the other documents executed pursuant hereto shall be construed more favorably in favor of one than the other based upon which party drafted the same, it being acknowledged that all parties hereto contributed substantially to the negotiation and preparation of this Agreement and the other documents executed pursuant hereto or in connection herewith.

8.11    <u>Waiver of Right of Jury Trial.</u>  THE BORROWER AND GUARANTORS EACH HEREBY WAIVES THE RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO: (A) THIS AGREEMENT, OR ANY OF THE AGREEMENTS, INSTRUMENTS OR DOCUMENTS REFERRED TO HEREIN; OR (B) ANY OTHER PRESENT OR FUTURE INSTRUMENT OR AGREEMENT BETWEEN OR AMONG THEM; (C) ANY CONDUCT, ACTS OR OMISSIONS OF THE BANK OR ANY OF THE BORROWER OR GUARANTORS OR ANY OF THEIR DIRECTORS, OFFICERS, EMPLOYEES, AGENTS, ATTORNEYS OR ANY OTHER PERSONS AFFILIATED WITH THEM IN EACH OF THE FOREGOING CASES, WHETHER IN CONTRACT OR TORT OR OTHERWISE.

8.12    <u>Counterparts.</u>  This Agreement may be executed in any number of counterparts, but all of such counterparts shall together constitute but one and the same

agreement in making proof of this Agreement, it shall not be necessary to produce or account for more than one counterpart thereof signed by each of the parties hereto.

8.13.   No Novation.   Except as expressly provided in this Agreement, this Agreement is not a novation, nor is it to be construed as a release or modification of any terms, conditions, warranties, waivers, or rights set forth in the Loan Documents. Nothing contained in this Agreement shall be deemed to constitute a waiver by Bank of any required performance by the Borrower or the Guarantors, or to require any forbearance or extension other than that which is specifically agreed to herein by Bank, and no other forbearance or extension is to be implied from the language used herein, by operation of law, or otherwise. Except as may be intended by this Agreement, if there is a conflict in any term, condition or provision of this Agreement, the Original Forbearance Agreement and the Loan Documents, the terms, conditions and provisions of this Agreement shall control.

8.14.   Nothing contained in this Agreement shall be construed as a commitment or agreement by the Borrower to renew the Loan beyond December 31, 2006.

8.15.   Time is hereby declared to be of the essence of this Agreement and every part thereof.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]**

**IN WITNESS WHEREOF**, this Agreement is executed and delivered as of the day and year first above written.

CATHAY BANK

By: _Michael Creith_

Name:  Michael Creith
Its:   Vice President

UNITED ALUMINUM DOOR INC.

By: _____
     Name:
Title:  President

VERY-TACT INTERNATIONAL, INC.

By: _____
     Name:
Title:  President

ARCHIVISIONS, INC.

By: _____
     Name:
Title:  President

_____
Wah Woon Tam a/k/a Wayne Tam

_____
Jen-Hao Mao

_____
Sandy Liang

_____
Kuo Win Liu

**EXHIBIT A**
**TO**
**FORBEARANCE AGREEMENT**

Existing Defaults

The Existing Defaults consist of the following:

1.      The Events of Default arising as a result of the failure of the Borrower to pay the outstanding principal indebtedness due under the terms of the Amended and Restated Revolving Note on November 30, 2005.