# EXHIBIT DD

# GENERAL SECURITY AGREEMENT

Date:   March 1, 2006

| | |
|---|---|
| **Name** <br> VERY-TACT INTERNATIONAL, INC., a New York corporation | |
| **Address** <br> 267 Vandervoort Avenue, Brooklyn, New York 11211 | |
| **Chief Executive Office (if different from Business Address)** | |
| **Lending Office, Department or Division** <br> CATHAY BANK, NEW YORK REGION | |
| **Address** <br> 40-14 Main Street, Flushing, New York 11354 | |

AGREE AS FOLLOWS:

1.      **Security Interest.**

Debtor hereby grants to Secured Party a security interest (Security Interest) in all property of the following types, wherever located and whether now owned or hereafter owned or acquired by Debtor, whether or not affixed to realty, in all Proceeds and Products thereof in any form, in all parts, accessories, attachments, special tools, additions, replacements, substitutions and accessions thereto or therefor, and in all increases or profits received therefrom, including, **WITHOUT LIMITATION, all of the Borrower's Inventory (as defined in the Uniform Commercial Code of the State of New York or any other State), all goods, merchandise or other personal property held by the Borrower for sale or lease or to be furnished under labels or other devices, names or marks affixed thereto for purposes of selling or identifying the same or the seller or manufacturer thereof, and all right, title and interest of the Borrower therein and thereto, all raw materials, work or goods in process or materials or supplies of every nature used, consumed or to be used or consumed in the Borrower's business, all packaging and shipping materials, and all proceeds and products of any of the foregoing (including, without limitation, proceeds consisting of accounts receivable, chattel paper, and insurance proceeds), whether now owned or hereafter acquired by the Borrower,** and wherever located, and all property described in any schedule from time to time delivered by Debtor to Secured Party: Equipment; Fixtures; Inventory; Accounts; Chattel Paper; Documents; Instruments; and General Intangibles (Collateral).

2.      **Indebtedness Secured.**

The Security Interest secures payment of any and all indebtedness (Indebtedness) of Debtor to Secured Party, whether now existing or hereafter incurred, of every kind and character, direct or indirect, and whether such Indebtedness is from time to time reduced and thereafter increased, or entirely extinguished

1

and thereafter reincurred, including, without limitation: (a) Indebtedness not yet outstanding, but contracted for, or with respect to which any other commitment by Secured Party exists: (b) all interest provided in any instrument, document, or agreement (including this Security Agreement) which accrues on any Indebtedness until payment of such Indebtedness in full; (c) any moneys payable as hereinafter provided; and (d) any debts owed or to be owed by Debtor to others which Secured Party has obtained, or may obtain, by assignment or otherwise.

3.      **Representations and Warranties of Debtor.**

Debtor represents and warrants, and, so long as this Security Agreement is in effect, shall be deemed continuously to represent and warrant that: (a) Debtor is the owner of the Collateral free of all security interests or other encumbrances, except the Security Interest and except as specified in an appropriate schedule hereto; (b) Debtor is authorized to enter into this Security Agreement; (c) any and all trade names, division names, assumed names or other names under which Debtor transacts any part of its business are specified in an appropriate schedule hereto; and Debtor's records concerning the Collateral are kept at one of the addresses specified above; (d) each Account, General Intangible and Chattel Paper constituting Collateral is genuine and enforceable in accordance with its terms against the party obligated to pay it (Account Debtor); and no Account Debtor has any defense, setoff, claim or counterclaim against Debtor which can be asserted against Secured Party, whether in any proceeding to enforce the Collateral or otherwise; (e) the amounts represented from time to time by Debtor to Secured Party as owing by each Account Debtor or by all Account Debtors will be and are the correct amounts actually and unconditionally owing by such Account Debtor or Debtors individually and in the aggregate, except for normal cash discounts where applicable; (f) each Instrument and each Document constituting Collateral is genuine and in all respects what it purports to be; and (g) any Collateral which is a Fixture is affixed to real property at Debtor's address specified above or as specified in an appropriate schedule hereto, and such real property is owned by Debtor or by the person or persons named in such schedule and is encumbered only by the mortgages listed in such schedule.

4.      **Covenants of Debtor.**

So long as this Security Agreement is in effect, Debtor: (a) will defend the Collateral against the claims and demands of all other parties, including, without limitation, defenses, setoffs, claims and counterclaims asserted by any Account Debtor against Debtor or Secured Party, except, as to Inventory, purchasers and lessees in the ordinary course of Debtor's business; will keep the Collateral free from all security interests or other encumbrances, except the Security Interest and except as specified in an appropriate schedule hereto; and will not sell, transfer, lease, assign, deliver or otherwise dispose of any Collateral or any interest therein without the prior written consent of Secured Party, except that, until the occurrence of an event of default as specified in paragraph 10 hereof, Debtor may sell or lease Inventory in the ordinary course of Debtor's business; (b) will furnish to Secured Party financing statements in such form and at such intervals as Secured Party shall request; will keep, in accordance with generally accepted accounting principal consistently applied, accurate and complete books and records, including, without limitation, records concerning the Collateral; at Secured Party's request, will mark any and all such books and records to indicate the Security Interest; will permit Secured Party or its agents to inspect the Collateral and to audit and make extracts from or copies of such books and records an any of Debtor's ledgers, reports, correspondence or other books and records; and will duly account to Secured Party's satisfaction, at such time or times as Secured Party may require, for any of the Collateral; (c) will deliver to Secured Party upon demand, all Documents and all Chattel Paper (duly indorsed to Secured Party) constituting, representing, representing or relating to the Collateral, or any part hereof, and any schedules, invoices, shipping documents, delivery receipts,

2

purchase orders, contracts or other documents representing or relating to the Collateral or any part thereof; (d) will notify Secured Party promptly in writing of any change in Debtor's business address or chief executive office, any change in the address at which records concerning the Collateral are kept and any change in Debtor's name, identity or corporate or other structure; (e) will not, without Secured Party's written consent, make or agree to make any alteration, modification or cancellation of, substitution for, or credits, adjustments or allowances on, Accounts, General Intangibles or Chattel Paper constituting Collateral; will furnish to Secured Party, on request, all credit and other information respecting the financial condition of any Account Debtor; and will notify Secured Party promptly of any default by any Account Debtor in payment or other performance of obligations with respect to any Collateral; (f) will keep the Collateral in good condition and repair; and will not use the Collateral in violation of any provisions of this security Agreement, of any applicable statute, regulation or ordinance or of any policy insuring the Collateral; (g) will pay all taxes, assessments and other charges of every nature which may be imposed, levied or assessed against Debtor or any of Debtor's assets, prior to the date of attachment of any penalties or liens with respect thereto (other than liens attaching prior to payment becoming due, if payment is made when due), provided, however, Debtor shall not be required to pay any such tax, assessment or other charge so long as its validity is being contested in good faith by appropriate proceedings diligently conducted; (h) will insure the Collateral against risks, in coverage, form and amount, and by insurer, satisfactory to Secured Party, and, at Secured Party's request, will cause each policy to be payable to Secured Party as a named insured or loss payee, as its interest may appear, and deliver each policy or certificate of insurance to Secured Party; (i) will prevent the Collateral or any part thereof from being or becoming any accession to other goods not covered by this Security Agreement; (j) in connection herewith, will execute and deliver to Secured Party such financing statement, assignments and other documents and do such other things relating to the Collateral and the Security Interest as Secured Party may request, and pay all costs of title searches and filing financing statements, assignments and other documents in all public offices requested by Secured Party; and will not, without the prior consent of Secured Party, file or authorize or permit to be filed in any public office any financing statement naming Debtor as debtor and not naming Secured Party as secured party; (k) will not place the Collateral in any warehouse which may issue a negotiable document with respect thereto; and (l) if Secured Party in its sole discretion and at any time or from time to time determines that the liquidation value of the Collateral has become inadequate, will immediately on demand (i) deliver to Secured Party additional collateral of a kind and value satisfactory to Secured Party, or (ii) make payments of Indebtedness, sufficient to cause the relationship of the liquidation value of Collateral to Indebtedness (including Indebtedness for which a commitment to lend exists) to become satisfactory to Secured Party.

5.    **Verification of Collateral.**

Secured Party shall have the right to verify all or any Collateral in any manner and through any medium Secured Party may consider appropriate, and Debtor agrees to furnish all assistance and information and perform any acts which Secured Party may require in connection therewith and to pay all of Secured Party's costs therefore.

6.    **Notification and Payments.**

Before or after the occurrence of an Event of Default. Secured Party may notify all or any Account Debtors of the Security Interest and may also direct such Account Debtors to make all payments on Collateral to Secured Party. All payments on and from Collateral received by Secured Party directly or from Debtor shall be applied to the Indebtedness in such order and manner and at such time as Secured Party shall, in its sole discretion, determine. Secured Party may demand of Debtor in writing, before or after notification to Account Debtors and without waiving in any manner the Security Interest, that any payments on and from

the Collateral received by Debtor: (a) shall be held by Debtor in trust for Secured Party in the same medium in which received; (b) shall not be commingled with any assets of Debtor; and (c) shall be delivered to Secured Party in the form received, properly indorsed to permit collection, not later than the next business day following the day of their receipt; and Debtor shall comply with such demand. Debtor shall also promptly notify Secured Party of the return to or repossession br Debtor of Goods underlying any Collateral, and Debtor shall hold the same in trust for Secured Party and shall dispose of the same as Secured Party directs.

7.    **Registered Holder of Collateral.**

If any Collateral consists of investment securities, Debtor authorizes Secured Party to transfer the same or any part thereof into its own name or that of its nominee so that Secured Party or its nominee may appear of record as the sole owner thereof; provided, that so long as no event of default has occurred Secured Party shall deliver promptly to Debtor all notices, statements or other communications received by it or its nominee as such registered owner, and upon demand and receipt of payment of necessary expenses thereof, shall give to Debtor or its designee a proxy or proxies to vote and take all action with respect to such securities. After the occurrence of any event of default, Debtor waives all rights to be advised of or to receive any notices, statements or communications received by Secured Party or its nominee as such record owner, and agrees that no proxy or proxies given by Secured Party to Debtor or its designee as aforesaid shall thereafter be effective.

8.    **Income from and Interest on Collateral Consisting of Instruments.**

(a)    Until the occurrence of an event of default, Debtor reserves the right to receive all income from or interest on the Collateral consisting of Instruments, and if Secured Party receives any such income or interest prior to such event of default, Secured Party shall pay the same promptly to debtor.

(b)    Upon the occurrence of an event of default, Debtor will not demand or receive any income from or interest on such Collateral, and if Debtor receives any such income or interest without any demand by it, same shall be held by Debtor in trust for Secured Party in the same medium in which received, shall not be commingled with any assets of Debtor and shall be delivered to Secured Party in the form received, properly indorsed to permit collection, not later than the next business day following the day of its receipt. Secured Party may apply the net cash receipts from such income or interest to payment of any of the Indebtedness, provided that Secured Party shall account for and pay over to debtor any such income or interest remaining after payment in full of the Indebtedness.

9.    **Increases, Profits, Payments or Distributions.**

(a)    Whether or not an event of default has occurred, Debtor authorizes Secured Party: (i) to receive any increase in or profits on the Collateral (including, without limitation, any stock issued as a result of any stock split or dividend, any capital distribution and the like), and to hold the same as part of the Collateral; and (ii) to receive any payment or distribution on the Collateral upon redemption by, or dissolution and liquidation of, the issuer, to surrender such Collateral or any part thereof in exchange therefor and to hold the net cash receipts from any such payment or distribution as part of the Collateral.

(b)    If Debtor receives any such increase, profits, payments or distributions, Debtor will receive and deliver same promptly to Secured Party on the same terms and conditions set forth in paragraph 8(b) hereof respecting income or interest, to be held by Secured Party as part of the Collateral.

4

10.    **Event of Default.**

(a)    Any of the following events or conditions shall constitute an event of default hereunder: (i) nonpayment when due, whether by acceleration or otherwise, of principal of any interest on any Indebtedness, or default by Debtor in the performance of any obligation, term or condition of this Security Agreement or any other agreement between Debtor and Secured Party; (ii) death or judicial declaration of incompetency of Debtor, if an individual; (iii) the filing by or against Debtor of a request or petition for liquidation, reorganization, arrangement, adjustment of debts, adjudication as a bankrupt, relief as a debtor or other relief under the bankruptcy, insolvency or similar laws of the United States or any state or territory thereof or any foreign jurisdiction, now or hereafter in effect; (iv) the making of general assignment by Debtor for the benefit of creditors; the appointment of a receiver or trustee for Debtor or for any assets of Debtor, including, without limitation, the appointment of or taking possession by a "custodian", as defined in the federal Bankruptcy Code; the making of any, or sending notice of any intended, bulk sale; or the institution by or against Debtor of any other type of insolvency proceeding (under the federal Bankruptcy Code or otherwise) or of any formal or informal proceeding for the dissolution or liquidation of, settlement of claims against or winding up of affairs of, Debtor; (v) the sale, assignment, transfer or delivery of all or substantially all of the assets of Debtor; the cessation of Debtor as a going business concern; the entry of judgment against Debtor, other than a judgment for which Debtor is fully insured, if ten days thereafter such judgment is not satisfied, vacated, bonded or stayed pending appeal; or if Debtor is generally not paying Debtor's debts as such debts become due; (vi) the occurrence of any event described in paragraph 10(a) (ii), (iii), (iv) or (v) hereof with respect to any endorser, guarantor or any other party liable for, or whose assets or any interest therein secures, payment of any Indebtedness (Third Party), or the occurrence of any such event with respect to any general partner of Debtor, if Debtor is a partnership; (vii) if any certificate, statement, representation, warranty or audit heretofore or hereafter furnished by or on behalf of Debtor or any third Party, pursuant to or in connection with this Security Agreement, or otherwise (including, without limitation, representations and warranties contained herein) , or as an inducement to Secured Party to extend any credit to or to enter into this or any other agreement with Debtor, proves to have been false in any material respect at the time as of which the facts therein set forth were stated or certified, or to have omitted any substantial contingent or unliquidated liability or claim against Debtor or any such Third Party; or, if upon the date of execution of this Security Agreement, there shall have been any materially adverse change in any of the facts disclosed by any such certificate, statement, representation, warranty or audit, which change shall not have been disclosed in writing to Secured Party at or prior to the time of such execution; (viii) nonpayment by Debtor when due of any indebtedness for borrowed money owing to any third party, or the occurrence of any event which could result in acceleration of payment of any such indebtedness; or (ix) the reorganization, merger or consolidation of Debtor (or the making of any agreement therefor) without the prior written consent of Secured Party.

(b)    Secured Party , at its sole election, may declare all or any part of any Indebtedness not payable on demand to be immediately due and payable without demand or notice of any kind upon the happening of any event of default (other than an event of default under either paragraph 10(a)(iii) or (iv) hereof), or if Secured Party in good faith believes that the prospect of payment of all or any part of the Indebtedness or performance of Debtor's obligations under this Security Agreement or any other agreement now or hereafter in effect between Debtor and Secured Party is impaired. All or any part of any Indebtedness not payable on demand shall be immediately due and payable without demand or notice of any kind upon the happening of one or more events of default under paragraph 10 (a)(iii) or (iv) hereof. The provisions of this paragraph are not intended in any way to affect any rights of Secured Party with respect to any Indebtedness which may now or hereafter be payable on demand.

5

(c)    Secured Party's rights and remedies with respect to the Collateral shall be those of a Secured Party under the Uniform commercial Code and under any other applicable law, as the same may from time to time be in effect, in addition to those rights granted herein and in any other agreement now or hereafter in effect between Debtor and Secured Party.  Upon the existence or occurrence of an event of default, Secured Party may require Debtor to assemble the Collateral and make it available to Secured Party at a place or places designated by Secured Party, and Secured Party may use and operate the Collateral.

(d)    Without in any way requiring notice to be given in the following time and manner.  Debtor agrees that any notice by Secured Party of sale, disposition or other intended action hereunder or in connection herewith, whether required by the Uniform Commercial Code or otherwise, shall constitute reasonable notice to Debtor if such notice is mailed by regular or certified mail, postage prepaid, at least five (5) days prior to such action, to either of Debtor's addresses specified above or to any other address which Debtor has specified in writing to Secured Party as the address to which notices hereunder shall be given to Debtor.

(e)    Debtor agrees to pay on demand all costs and expenses incurred by Secured Party in enforcing this Security Agreement, in realizing upon or protecting any Collateral and in enforcing and collecting any Indebtedness or any guaranty thereof, including, without limitation, if Secured Party retains counsel for advice, suit, appeal, insolvency or other proceeding under the federal Bankruptcy Code or otherwise, or for any of the above purpose, the actual attorneys' fees incurred by Secured Party.  Payment of all sums hereunder is secured by the Collateral.

(f)    Without limitation upon the foregoing, in any such event: (i) Secured Party shall have the right to take possession of the indicia of the Collateral, and the Collateral, in whatever physical form evidenced or contained, including without limitation: labels, packaging materials, stationery, documents, instruments and advertising materials.  If Secured Party exercises such right to take possession of the Collateral, Debtor shall, upon demand, assemble the Collateral in the best manner possible and make it available to Secured Party at a place reasonably convenient to Secured Party. Debtor shall, and Secured Party may, at its option, instruct all suppliers, carriers, forwarders, warehouses or others receiving or holding cash, checks, Inventory, documents or instruments in which Secured Party holds a security interest to deliver same to Secured Party and/or subject to Secured Party's order and if they shall come into Debtor's possession, they, and each of them, shall be held by Debtor in trust as Secured Party's trustee, and Debtor will immediately deliver them to Secured Party in their original form together with any necessary endorsement; (ii) in connection with all Letters of Credit issued or created by Secured Party under this Agreement, Debtor hereby appoints Secured Party, or its designee, as its attorney, with full power and authority (1) to sign and/or endorse Debtor's name upon any warehouse or other receipts, letter of credit applications and acceptances; (2) to sign Debtor's name on bills of lading; (3) to clear Inventory through Customs in the name of Debtor or Secured Party or Secured Party's designee, and to sign and deliver to Customs Officials powers of attorney in the name of Debtor for such purpose; and (4) to complete in Debtor's name or Secured Party's, or in the name of Secured Party's designee, any order, sale or transaction, obtain the necessary documents in connection therewith, and collect the proceeds thereof.  Neither Secured Party nor its attorneys will be liable for any acts or omissions nor for any error of judgment or mistakes of fact or law, except for Secured Party's willful misconduct. This power, being coupled with an interest, is irrevocable as long as any Letters of Credit remain outstanding; (iii) Secured Party: (1) may at any time take such steps as Secured Party deems necessary to protect Secured Party's interest in, and to preserve, the Collateral, including the hiring of such security guards or the placing of other security protection measures as Secured Party may deem appropriate; (2) may employ and maintain at any of Debtor's premises a custodian who shall have full authority to do all acts necessary to protect Secured Party's interests in the Collateral; (3) may lease warehouse facilities to which

6

Secured Party may move all or part of the Collateral; (4) may use any of Debtor's owned or leased lifts, hoists, trucks and other facilities or equipment for handling or removing the Collateral; and (5) shall have, and is hereby granted, a right of ingress and egress to the places where the Collateral is located, and may proceed over and through any of Debtor's owned or leased property. Debtor shall cooperate fully with all of Secured Party's efforts to preserve the Collateral and will take such actions to preserve the Collateral as Secured Party may direct. All of Secured Party's expenses of preserving the Collateral, including any expenses relating to the bonding of a custodian, shall be charged to Debtor's account and added to the Obligations.

Secured Party shall have the right in its sole discretion to determine which rights, liens, security interests or remedies Secured Party may at any time pursue, relinquish, subordinate or modify or to take any other action with respect thereto and such determination will not in any way modify or affect any of Secured Party's rights hereunder. The enumeration of the foregoing rights and remedies is not intended to be exhaustive and the exercise of any right or remedy shall not preclude the exercise of any other right or remedy, all of which shall be cumulative and not alternative.

11.    **Miscellaneous.**

(a)    Debtor hereby authorizes Secured Party, at Debtor's expense, to file such financing statement or statements relating to the Collateral without Debtor's signature thereon as Secured Party at its option may deem appropriate, and appoints Secured Party as Debtor's attorney-in-fact (without requiring Secured Party) to execute any such financing statement or statements in Debtor's name and to perform all other acts which Secured Party deems appropriate to perfect and continue the Security Interest and to protect preserve and realize upon the Collateral. This power of attorney shall not be affected by the subsequent disability or incompetence of Debtor.

(b)    Secured Party may demand, collect and sue on any of the Accounts. Chattel Paper, Instruments and General Intangibles (in either Debtor's or Secured party's name at the latter's option); may enforce, compromise, settle or discharge such Collateral without discharging the Indebtedness or any part thereof; and may indorse Debtor's name on any and all checks, commercial paper, and any other Instruments pertaining to or constituting Collateral.

(c)    (i) As further security for payment of the Indebtedness, Debtor hereby grants to Secured Party a Security Interest in and lien on any and all property of Debtor which is or may hereafter be in the possession or control of Secured Party in any capacity or of any third party acting on its behalf including, without limitation, all deposit and other accounts and all moneys owed or to be owed by Secured Party to Debtor, and with respect to all of such property, Secured Party shall have the same rights hereunder as it has with respect to the Collateral; (ii) Without limiting any other right of Secured Party, whenever Secured Party has the right to declare any Indebtedness to be immediately due and payable (whether or not it has so declared). Secured Party at its sole election may set off against the Indebtedness any and all moneys then or thereafter owed to Debtor by Secured Party in any capacity, whether or not the Indebtedness or the obligation to pay such moneys owed by Secured Party is then due, and Secured Party shall be deemed to have exercised such right of set off immediately at the time of such election even though any charge therefor is made or entered on Secured Party's record subsequent thereto.

(d)    Upon Debtor's failure to perform any of its duties hereunder, Secured Party may, but shall not be obligated to, perform any or all such duties, including, without limitation, payment of taxes assessments, insurance and other charges and expenses as herein provided, and Debtor shall pay an amount

7

equal to the cost thereof to Secured Party on demand by Secured Party. Payment of all moneys hereunder shall be secured by the Collateral.

(e)     Unless any instrument, document, or agreement evidencing any Indebtedness expressly provides a rate for the accrual of interest after such Indebtedness becomes due, the rate at which interest on such Indebtedness shall accrue after such Indebtedness becomes due, whether by reason of default or otherwise and until such Indebtedness is paid in full, shall be the rate provided in such instrument document, or agreement which is in effect immediately prior to such Indebtedness becoming due.

(f)     No course of dealing between debtor and Secured Party and no delay or omission by Secured Party in exercising any right or remedy hereunder or with respect to any Indebtedness shall operate as a waiver thereof or of any other right or remedy, and no single or partial exercise thereof shall preclude any other or further exercise thereof or the exercise of any other right or remedy. Secured Party may remedy any default, by Debtor hereunder or with respect to any Indebtedness in any reasonable manner without waiving the default remedied and without waiving any other prior or subsequent default by Debtor. All rights and remedies of Secured party hereunder are cumulative.

(g)     Secured Party shall have no obligation to take, and Debtor shall have the sole responsibility for taking, any and all steps to preserve rights against any and all prior parties to any Instrument or Chattel Paper constituting Collateral whether or not in Secured Party's possession. Secured Party shall not be responsible to Debtor for loss or damage resulting from Secured Party's failure to enforce or collect any such Collateral or to collect any moneys due to become due thereunder. Debtor waives protest of any Instrument constituting Collateral at any time held by Secured Party on which Debtor is in any way liable and waives notice of any other action taken by Secured party.

(h)     Debtor authorizes Secured Party, without notice or demand and without affecting Debtor's obligations hereunder, from time to time: (i) to exchange, enforce or release any collateral or any part thereof (other than the Collateral) taken from any party for payment of the Indebtedness or any part thereof; (ii) to release, substitute or modify any obligation of any endorser, guarantor or other party in any way obligated to pay the Indebtedness or any part thereof, or any party who has given any security, mortgage or other interest in any other collateral as security for the payment of the Indebtedness of any part thereof; (iii) upon the occurrence of any event of default as hereinabove provided, to direct the order or manner of disposition of the Collateral and any and all other collateral and the enforcement of any and all endorsements, guaranties and other obligations relating to the Indebtedness or any part thereof, as Secured Party, in its sole discretion, may determine; and (iv) to determine how, when and what application of payments and credits, if any, shall be made on the Indebtedness or any part thereof.

(i)     The rights and benefits of Secured Party hereunder shall, if Secured Party so directs, inure to any party acquiring any interest in the indebtedness or any part thereof.

(j)     Secured Party and Debtor as used herein shall include the heirs, executors or administrators, or successors or assigns of those parties.

(k)     If more than one Debtor executes this Secured Agreement, the term "Debtor" shall include each as well as all of them and their obligations, warranties and representations hereunder shall be joint and several.

(l)     No modification, rescission, waiver, release or amendment of any provision of this Security

8

Agreement shall be made, except by a written agreement subscribed by Debtor and by a duly authorized officer of Secured Party.

(m)    This Security Agreement and the transaction evidenced hereby shall be construed under the laws of New York State, as the same may from time to time be in effect.

(n)    All terms, unless otherwise defined in this Security Agreement, shall have the definitions set forth in the Uniform Commercial Code adopted in New York State, as the same may from time to time be in effect.

(o)    Debtor hereby irrevocably appoints Secured Party the Debtor's agent with full power, in the same manner, to the same extent and with the same effect as if debtor were to do the same: to receive and collect all mail addressed to Debtor; to direct the place of delivery thereof to any location designated by Secured Party; to open such mail; to remove all contents therefrom; to retain all contents thereof constituting or relating to the Collateral; and to perform all other acts which Secured Party deems appropriate to protect, preserve and realize upon the Collateral. The agency hereby created is unconditional and shall not terminate until all of the Indebtedness is paid in full until all commitments by Secured Party to lend funds to Debtor have expired or been terminated. This power of attorney shall not be affected by the subsequent disability or incompetence of debtor.

(p)    This Security Agreement is and is intended to be a continuing Security Agreement and shall remain in full force and effect until the officer in charge of the Lending Office. Department or Division of Secured Party indicated above shall actually receive from Debtor written notice of its discontinuance; provided, however, this Security Agreement shall remain in full force and effect thereafter until all of the Indebtedness outstanding, or contracted or committed for (whether or not outstanding), before the receipt of such notice by Secured Party, and extensions or renewals thereof (whether made before or after receipt of such notice), together with interest accruing thereon after such notice, shall be finally and irrevocably paid in full. If, after receipt of any payment of all or any part of the Indebtedness, Secured Party is for any reason compelled to surrender such payment to any person or entity, because such payment is determined to be void or voidable as a preference, impermissible setoff, or a diversion of trust funds, or for any other reason, this Security Agreement shall continue in full force notwithstanding any contrary action which may have been taken by Secured Party in reliance upon such payment, and any such contrary action so taken shall be without prejudice to Secured Party's rights under this Security Agreement and shall be deemed to have been conditioned upon such payment having become final and irrevocable.

(Corporate Seal)

Attest:

_____
SANDY LIANG, Secretary

DEBTOR:

VERY-TACT INTERNATIONAL, INC.

By: _____
WAYNE TAM, President

9

## SCHEDULE

1.      Other encumbrances, if any (Paragraph 3a, 4a):

2.      Other names under which Debtor transacts business (Paragraph 3c):

3.      (a)      Fixtures affixed to real property (Paragraph 3g):

         (b)      Owner of such real property (Paragraph 3g):

         (c)      Mortgages on real property (Paragraph 3g):

4.      Additional schedules describing Collateral, if any, follow hereafter (Paragraph 1)

         See Item 4 of UCC-1 Financing Statement as attached hereto and make a part hereof.

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ronald B. Goodman, Esq. - 212- 603-6300

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

Ronald B. Goodman, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck, P.C.
1345 Avenue of the Americas, 31st Floor
New York, New York 10105

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only *one* debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Very-Tact International, Inc. | | | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 267 Vandervoort Avenue | Brooklyn | NY | 11211-1718 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | NONE |
|---|---|---|---|---|---|
| | | Domestic Corp | New York | | ☑ |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only *one* debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| | | | | | |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only *one* secured party name (3a or 3b)   ☐ NONE

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Cathay Bank | | | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 800 West 6th Street | Los Angeles | CA | 90017 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

All personal property, machinery, equipment, furniture and fixtures of the Debtor, whether now or hereafter existing or now owned or hereafter acquired and wherever located, of every kind of description, tangible or intangible, including, but not limited to, the balance of every deposit account, now or hereafter existing of the Debtor with the Secured Party and any other claim of the Debtor against the Secured Party, now or hereafter existing, and all money, accounts receivable, inventory, goods, instruments, securities, documents, chattel paper, other property, rights and interests of the Debtor, and shall include proceeds, products and accessions of and to any thereof.

| 5. ALTERNATIVE DESIGNATION (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|

**8. OPTIONAL FILER REFERENCE DATA**
25444.013

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

# EXHIBIT EE

## COMPLIANCE AGREEMENT

In consideration of extending a credit facility in the principal amount of $3,500,000.00 (the "Credit Facility") from Cathay Bank, New York Region (the "Bank") to United Aluminum Door Inc. (the "Borrower"), the undersigned do hereby represent and agree as follows:

1.    Upon the request of the Bank and its attorneys, the undersigned agree to:

(a)    furnish and execute any documents reasonably required by the Bank to verify the truth and accuracy of any information provided by the Borrower in connection with the Credit Facility, including but not limited to income, employment, deposit, loan authorization and verification, financial statement, income tax return, and contract and settlement statement for the sale of other properties;

(b)    execute any document that should have been signed at or before the closing; re-execute any document that was signed at or before the closing; and execute any document that was incorrectly drafted and signed at the closing, including, but not limited to, correction credit agreement, correction revolving note and other correction instruments; and

(c)    furnish any documents required by, and comply with any conditions, work and/or certifications set forth in the Bank's commitment.

2.    The undersigned represent and agree that all requests by the Bank or its attorneys will receive the full cooperation of and compliance by the undersigned within **seven (7) days** of the making of the requests, and the obligations hereunder shall survive the closing.

3.    Failure of the undersigned to comply with the representations and agreements hereunder shall constitute a default under the Credit Agreement, as amended, the Amended and Restated Revolving Note, the Guaranty of Payment and all the related loan documents executed at the closing (collectively the "Loan Documents"), and shall entitle the Bank to any and all of the remedies available upon default under the Loan Documents.

Dated:    March 1, 2006

BORROWER:

UNITED ALUMINUM DOOR INC.

By:    _____

WAYNE TAM, President

GUARANTOR:

VERY-TACT INTERNATIONAL, INC.

By: _____
     WAYNE TAM, President

ARCHIVISIONS, INC.

By: _____
     WAYNE TAM, President

_____
WAH WOON TAM a/k/a WAYNE TAM

_____
JEN-HAO MAO

_____
SANDY LIANG

_____
KUO WIN LIU

# EXHIBIT FF

March 1, 2006

Ronald B. Goodman<br>(212) 603-6313<br>goodman@robinsonbrog.com

Cathay Bank
41-14 Main Street
Flushing, New York 11354

Re:    Guarantor Acknowledgement and Consent

Dear Sir/Madam:

I, the undersigned Guarantor, as an accommodation to United Aluminum Door Inc. ("Borrower") and not pursuant to the exercise of any right of Guarantor, hereby acknowledge my consent to the terms and provisions of the Forbearance Agreement, also dated of even date herewith.

I hereby acknowledge receipt of a copy and hereby acknowledge my consent of the transactions contemplated hereby.

Additionally, I hereby reaffirm my obligations under that certain Commercial Guaranty, dated May 2, 2005 (the "Guaranty").

I represent and warrant to Cathy Bank that I have the power and authority to execute this Guarantor Acknowledgement and Consent.

I also hereby acknowledge that the Guaranty is in full force and effect and any terms redefined in the Forbearance Agreement shall be deemed redefined in the Guaranty. I hereby reaffirm that my obligation under the Guaranty are separate and distinct from the Borrower's obligations.

_____
Wah Woon Tam a/k/a Wayne Tam

_____
Jen-Hao Mao

_____
Sandy Liang

_____
Kuo Win Liu

{00300014.DOC;1}

Cathay Bank
March 1, 2006
Page 2

UNITED ALUMINUM DOOR INC.

By: _____
      Name:
Title:  President

VERY-TACT INTERNATIONAL, INC.

By: _____
      Name:
Title:  President

ARCHIVISIONS, INC.

By: _____
      Name:
Title:  President

# EXHIBIT GG

## AFFIDAVIT AND ESTOPPEL CERTIFICATE
(Corporate Borrower)

STATE OF NEW YORK    )
                         ) ss.:

COUNTY OF QUEENS    )

WAYNE TAM, being duly sworn, deposes and says:

THAT I am the President of United Aluminum Door Inc. (the "Corporation"), the borrower of a revolving credit facility in the principal amount of $3,500,000.00 (the "Credit Facility") from Cathay Bank, New York Region (the "Bank") pursuant to the Credit Agreement, as amended (collectively the "Credit Agreement"), which is evidenced by the Amended and Restated Revolving Note, dated the even date hereof, made by the Borrower in favor of the Bank in the principal amount of $3,500,000.00 (the "Note").

THAT the Corporation is a corporation duly established and existing in good standing under the laws of the State of New York, and has its principal place of business at 267 Vandervoort Avenue, Brooklyn, New York 11211.

THAT there has been no reduction in the income of the Corporation and the undersigned through business operation, employment or otherwise from that set forth in the Credit Facility application.

THAT there is no federal tax claim or lien assessed or filed against the Corporation, and no demand has been made upon the Corporation by the Internal Revenue Service for any taxes due in the United States.

THAT the Corporation has never been adjudicated a bankrupt or filed a petition in bankruptcy.

THAT there is no litigation, pending or threatened, against the Corporation or its officers individually, nor judgment entered against the Corporation or its officers individually unpaid or unsatisfied of record entered in any court of the United States.

THAT the tax identification number of the Corporation listed below is accurate and correct.

THAT there are no defenses or offsets to the Credit Agreement or to the Note, and that all provisions of the Credit Agreement and the Note are in full force and effect.

THAT this affidavit is made to induce the Bank to extend the Credit Facility to the Corporation, knowing that the Bank will rely on the statements hereinabove made.

Corporation Tax I.D. No.

13-3431754

Dated: March 5, 2006

WAYNE TAM

Sworn to before me this
5 day of March, 2006

Notary Public

RONALD B. GOODMAN
Notary Public, State of New York
No. 24-6592540
Qualified in Kings County
Certificate Filed in New York County
Commission Expires January 31, 2007

# EXHIBIT HH

# CERTIFIED CORPORATE RESOLUTION

## OF

## UNITED ALUMINUM DOOR INC.

The undersigned, Secretary of UNITED ALUMINUM DOOR INC. (the "Corporation"), **DOES HEREBY CERTIFY THAT:**

1.      At a meeting of the Board of Directors of the above mentioned Corporation, duly called and held on the   1ˢᵗ day of March 2006,      at which a quorum was present and acting throughout, the Board of Directors unanimously adopted the following resolution, which has not been modified or rescinded and is in full force and effect on the date of this Certificate:

"**RESOLVED**, that the Corporation execute and deliver to Cathay Bank, New York region (the "Bank") a Forbearance Agreement to extend the term of the existing revolving credit facility in the aggregate amount of $3,500,000 (the "Credit Facility") to December 31, 2006, and modify the terms of the Guaranty of Payment and the Amended and Restated Revolving Note conditioned on the payment of said sum, with interest thereon; and that pursuant to the Forbearance Agreement, the Corporation reaffirms the Amended and Restated Revolving Note, dated May 2, 2005, and the Fourth Modification of Credit Agreement dated May 2, 2005; and such other terms, provisions, conditions, stipulations and agreements as the officers of the Corporation executing the same may deem proper and advisable; and that Wayne Tam, the President of the Corporation, be, and hereby is, authorized, empowered and directed to perform all acts and do all things on behalf of the Corporation and to execute, attested by the Secretary, Sandy Liang, and deliver the Forbearance Agreement and such other papers and documents evidencing, creating, governing and securing the Forbearance Agreement as he may deem proper, necessary or advisable to consummate the transactions contemplated by the Forbearance Agreement, and to affix the seal of the Corporation thereto."

2.      Neither the Certificate of Incorporation of the Corporation nor its By-laws contain any special requirement as to the number of directors required to pass such resolution.

3.      The Certificate of Incorporation of the Corporation does not require any vote or consent of shareholders to authorize the borrowing of the Credit Facility.

4.      The undersigned further certifies that the following persons are the shareholders of the Corporation:

| Name | Percentage of Shares |
|------|----------------------|
| Wah Woon Tam a/k/a Wayne Tam | 45.6    % |

1

| | | |
|---|---|---|
| Sandy Liang | 31.18 | % |
| Jen-Hao Mao | 13.19 | % |
| Kuo Wing Liu | 10 | % |

5.    The undersigned further certifies that the following persons are officers of the Corporation referred to in the foregoing resolution with the capacity set opposite their names, and that the signatures set opposite such names are their signatures:

| Name | Office | Signature |
|---|---|---|
| Wayne Tam | President | |
| Sandy Liang | Secretary | |

6.    This Certificate is made and delivered in order to induce the Bank to accept the Modification Agreement and the Amended Note, and continuously extend the Credit Facility referred to in the foregoing resolution to the Corporation.

**IN WITNESS WHEREOF**, the undersigned has hereto affixed her hand and the seal of the Corporation this 1st day of March 2006.

(Corporate Seal)

SANDY LIANG, Secretary

STATE OF NEW YORK    )
                                          ) ss.:
COUNTY OF QUEENS    )

On the 1st day of March in the year 2006 before me, the undersigned, personally appeared SANDY LIANG, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public
RONALD B. GOODMAN
Notary Public, State of New York
No. 24-6592540
Qualified in Kings County
Certificate Filed in New York County
Commission Expires January 31, 2007

# EXHIBIT II

{00339189.DOC;1}

# NewCo Corporate Services, Inc.
## 875 Avenue of the Americas, Suite 501
## New York, NY 10001

**June 7, 2006**

REF:  **CATHAY BANK ET AL**
(Newco matter#:605-06-00646)

Mr. Ronald Goodman
ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
1345 Avenue of the Americas
New York, NY 10105

**FINAL REPORT**

Dear Mr. Goodman:

At your request, we caused (7) UCC-1 Financing Statements to be filed for the above-named entities with various jurisdictions.  The results are as follows:

| Debtor Name | Jurisdiction | Type | File Number | File Date |
|---|---|---|---|---|
| Sandy Liang | New York, SOS | UCC-1 | 20065160416325 | 05/16/06 |
| Jen-Hao Mao | New York, SOS | UCC-1 | 200605160416349 | 05/16/06 |
| Wayne Tan | New York, SOS | UCC-1 | 200605160416363 | 05/16/06 |
| United Aluminum Door Inc. | New York, SOS | UCC-1 | 200605160416399 | 05/16/06 |
| Archvisions, Inc. | New York, SOS | UCC-1 | 200605160416402 | 05/16/06 |
| Very-Tact International, Inc. | New York, SOS | UCC-1 | 200605160416438 | 05/16/06 |
| Sandy Liang | Suffolk County, NY | UCC-1 | 06-02791 | 06/05/06 |

It was a pleasure to be of service to you.

Sincerely,

Carol Glospie,
Corporate Specialist

Reasonable care has been exercised in the completion of all service requests; however, as the responsibility for the accuracy of the public records rests with the filing officer, we accept no liability for the report contained herein.



STATE OF NEW YORK
DEPARTMENT OF STATE
41 STATE STREET
ALBANY, NY 12231-0001

GEORGE E. PATAKI
GOVERNOR

CHRISTOPHER L. JACOBS
SECRETARY OF STATE

# FILING ACKNOWLEDGMENT

May 17, 2006

## RETURN TO CUSTOMER SERVICE COUNTER

DELANEY CORPORATE SERVICES LTD.
41 STATE STREET, SUITE 405
ALBANY NY 12207-0000

Attached is the acknowledgment copy of your recently submitted filing. This filing consists of a total of 3 pages; however, only the first page of the filed document is returned as part of this acknowledgment. This document has been filed with the New York State Department of State, Uniform Commercial Code Division.

The Financing Statement has been assigned Filing Number: 200605160416325, Filing Date: 05/16/2006 and is currently reflected in our automated database as follows:

### Debtor's Name & Address

SANDY LIANG
24 EUGENE STREET
MELVILLE NY 11747

### Secured Party's Name & Address

CATHAY BANK
800 WEST 6TH STREET
LOS ANGELES CA 90017

This filing will lapse on 05/16/2011, unless continued. We encourage filers to take full advantage of the six-month window of opportunity in which to file a Financing Statement Amendment (Continuation). Submission of your documents at the onset of the six-month window will allow ample time to rectify potential filing errors and help to assure timely recording of your filing.

If you have any concerns regarding the way this document is recorded, please contact one of our Customer Service Representatives at (518) 474-4763, or respond in writing to the UCC Data Processing Unit at the address indicated above.

Sincerely,

Uniform Commercial Code Division
Data Processing Unit

REF #: 217028

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**217028**                    **2006 MAY 16  PM 3: 15**

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ronald B. Goodman, Esq. - 212- 603-6300

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Ronald B. Goodman, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck, P.C.
1345 Avenue of the Americas, 31st Floor
New York, New York 10105

**DRAWDOWN
ACCT# _30_**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| Liang | Sandy | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 24 Eugene Street | Melville | NY | 11747 | USA |
| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names                    ☐ NONE

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)                    ☐ NONE

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR Cathay Bank | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 800 West 6th Street | Los Angeles | CA | 90017 | USA |

4. This FINANCING STATEMENT covers the following collateral:

See Schedule A attached hereto and made a part hereof.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA
25444.013

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**FILING NUMBER: 200605160416325**



STATE OF NEW YORK
DEPARTMENT OF STATE
41 STATE STREET
ALBANY, NY 12231-0001

GEORGE E. PATAKI
GOVERNOR

CHRISTOPHER L. JACOBS
SECRETARY OF STATE

# FILING ACKNOWLEDGMENT
May 17, 2006

## RETURN TO CUSTOMER SERVICE COUNTER

DELANEY CORPORATE SERVICES LTD.
41 STATE STREET, SUITE 405
ALBANY NY 12207-0000

Attached is the acknowledgment copy of your recently submitted filing. This filing consists of a total of 2 pages; however, only the first page of the filed document is returned as part of this acknowledgment. This document has been filed with the New York State Department of State, Uniform Commercial Code Division.

The Financing Statement has been assigned Filing Number: 200605160416349, Filing Date: 05/16/2006 and is currently reflected in our automated database as follows:

### *Debtor's Name & Address*

JEN-HAO MAO
96 SCHERMERHORN, APT. 5C
BROOKLYN NY 11201

### *Secured Party's Name & Address*

CATHAY BANK
800 WEST 6TH STREET
LOS ANGELES CA 90017

This filing will lapse on 05/16/2011, unless continued. We encourage filers to take full advantage of the six-month window of opportunity in which to file a Financing Statement Amendment (Continuation). Submission of your documents at the onset of the six-month window will allow ample time to rectify potential filing errors and help to assure timely recording of your filing.

If you have any concerns regarding the way this document is recorded, please contact one of our Customer Service Representatives at (518) 474-4763, or respond in writing to the UCC Data Processing Unit at the address indicated above.

Sincerely,

Uniform Commercial Code Division
Data Processing Unit

REF #: 217029

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

217029

2006 MAY 16 PM 3: 15

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ronald B. Goodman, Esq. - 212- 603-6300

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

Ronald B. Goodman, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck, P.C.
1345 Avenue of the Americas, 31st Floor
New York, New York 10105

**DRAWDOWN**
**ACCT# 30**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | |
|---|---|---|
| 1a. ORGANIZATION'S NAME | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Mao | Jen-Hao | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 96 Schermerhorn, Apt. 5C | Brooklyn | NY | 11201 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names     ☐ NONE

| 2a. ORGANIZATION'S NAME | | |
|---|---|---|

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)     ☐ NONE

| 3a. ORGANIZATION'S NAME | | |
|---|---|---|
| Cathay Bank | | |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 800 West 6th Street | Los Angeles | CA | 90017 | USA |

**4.** This FINANCING STATEMENT covers the following collateral:

All right, title and interest of Debtor in and to (i) all leases and other agreements affecting the use or occupancy of the premises described in Item 8 of Form UCC-1 (hereinafter called the "Premises") now or hereafter entered into, (ii) all rents, issues and profits of the Premises, (iii) all awards or payments, including interest thereon, which may be made with respect to said rights) or for any other injury to or decrease in the value of the Premises, whether from the exercise of the right of eminent domain (including any transfer made in lieu of the exercise of premiums on any insurance policy covering the Premises and (v) all proceeds of any and all unearned every kind and nature whatsoever owned by Debtor or in which debtor has or shall have an interest, now or hereafter located upon the Premises or appurtenances thereto, and used and/or usable in connection with the Premises.

(Continued on attached form UCC1Ad)

| 5. ALTERNATIVE DESIGNATION (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.     Attach Addendum | [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]     [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|---|

**8. OPTIONAL FILER REFERENCE DATA**
25444.013

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**FILING NUMBER: 200605160416349**



STATE OF NEW YORK
DEPARTMENT OF STATE
41 STATE STREET
ALBANY, NY 12231-0001

GEORGE E. PATAKI
GOVERNOR

CHRISTOPHER L. JACOBS
SECRETARY OF STATE

# FILING ACKNOWLEDGMENT
May 17, 2006

## RETURN TO CUSTOMER SERVICE COUNTER

DELANEY CORPORATE SERVICES LTD.
41 STATE STREET, SUITE 405
ALBANY NY 12207-0000

Attached is the acknowledgment copy of your recently submitted filing. This filing consists of a total of 2 pages; however, only the first page of the filed document is returned as part of this acknowledgment. This document has been filed with the New York State Department of State, Uniform Commercial Code Division.

The Financing Statement has been assigned Filing Number: 200605160416363, Filing Date: 05/16/2006 and is currently reflected in our automated database as follows:

### Debtor's Name & Address

WAYNE TAM
90 WEST BROADWAY, APT. 5A
NEW YORK NY 10007-1009

### Secured Party's Name & Address

CATHAY BANK
800 WEST 6TH STREET
LOS ANGELES CA 90017

This filing will lapse on 05/16/2011, unless continued. We encourage filers to take full advantage of the six-month window of opportunity in which to file a Financing Statement Amendment (Continuation). Submission of your documents at the onset of the six-month window will allow ample time to rectify potential filing errors and help to assure timely recording of your filing.

If you have any concerns regarding the way this document is recorded, please contact one of our Customer Service Representatives at (518) 474-4763, or respond in writing to the UCC Data Processing Unit at the address indicated above.

Sincerely,

Uniform Commercial Code Division
Data Processing Unit

REF #: 217030

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**217030**

**2006 MAY 16 PM 3:15**

A. NAME & PHONE OF CONTACT AT FILER [optional]
**Ronald B. Goodman, Esq. - 212- 603-6300**

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

> **Ronald B. Goodman, Esq.**
> **Robinson Brog Leinwand Greene Genovese & Gluck, P.C.**
> **1345 Avenue of the Americas, 31st Floor**
> **New York, New York 10105**

**DRAWDOWN**
**ACCT# 30**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| **Tam** | **Wayne** | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **90 West Broadway, Apt. 5A** | **New York** | **NY** | **10007-1009** | **USA** |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **Cathay Bank** | | | |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **800 West 6th Street** | **Los Angeles** | **CA** | **90017** | **USA** |

4. This FINANCING STATEMENT covers the following collateral:

**All right, title and interest of Debtor in and to (i) all leases and other agreements affecting the use or occupancy of the premises described in Item 8 of Form UCC-1 (hereinafter called the "Premises") now or hereafter entered into, (ii) all rents, issues and profits of the Premises, (iii) all awards or payments, including interest thereon, which may be made with respect to the Premises, whether from the exercise of the right of eminent domain (including any transfer made in lieu of the exercise of said rights) or for any other injury to or decrease in the value of the Premises, (iv) all proceeds of any and all unearned premiums on any insurance policy covering the Premises and (v) all machinery, equipment, fixtures and other property of every kind and nature whatsoever owned by Debtor or in which debtor has or shall have an interest, now or hereafter located upon the Premises or appurtenances thereto, and used and/or usable in connection with the Premises.**

**(Continued on attached form UCC1Ad)**

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA
**25444.013**

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**FILING NUMBER: 200605160416363**



STATE OF NEW YORK
DEPARTMENT OF STATE
41 STATE STREET
ALBANY, NY 12231-0001

GEORGE E. PATAKI
GOVERNOR

CHRISTOPHER L. JACOBS
SECRETARY OF STATE

**FILING ACKNOWLEDGMENT**

May 17, 2006

## RETURN TO CUSTOMER SERVICE COUNTER

DELANEY CORPORATE SERVICES LTD.
41 STATE STREET, SUITE 405
ALBANY NY 12207-0000

Attached is the acknowledgment copy of your recently submitted filing. This filing consists of a total of one page, which is represented in this acknowledgment. This document has been filed with the New York State Department of State, Uniform Commercial Code Division.

The Financing Statement has been assigned Filing Number: 200605160416399, Filing Date: 05/16/2006 and is currently reflected in our automated database as follows:

*Debtor's Name & Address*

UNITED ALUMINUM DOOR INC.
267 VANDERVOORT AVENUE
BROOKLYN NY 11211-1718

*Secured Party's Name & Address*

CATHAY BANK
800 WEST 6TH STREET
LOS ANGELES CA 90017

This filing will lapse on 05/16/2011, unless continued. We encourage filers to take full advantage of the six-month window of opportunity in which to file a Financing Statement Amendment (Continuation). Submission of your documents at the onset of the six-month window will allow ample time to rectify potential filing errors and help to assure timely recording of your filing.

If you have any concerns regarding the way this document is recorded, please contact one of our Customer Service Representatives at (518) 474-4763, or respond in writing to the UCC Data Processing Unit at the address indicated above.

Sincerely,

Uniform Commercial Code Division
Data Processing Unit

REF #: 217031

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**217031**

**2006 MAY 16 PM 3:15**

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ronald B. Goodman, Esq. - 212- 603-6300

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Ronald B. Goodman, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck, P.C.
1345 Avenue of the Americas, 31st Floor
New York, New York 10105

**DRAWDOWN
ACCT# 30**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| United Aluminum Door Inc. | | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 267 Vandervoort Avenue | Brooklyn | NY | 11211-1718 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | Domestic Corp | New York | ☑ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Cathay Bank | | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 800 West 6th Street | Los Angeles | CA | 90017 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All personal property, machinery, equipment, furniture and fixtures of the Debtor, whether now or hereafter existing or now owned or hereafter acquired and wherever located, of every kind of description, tangible or intangible, including, but not limited to, the balance of every deposit account, now or hereafter existing of the Debtor with the Secured Party and any other claim of the Debtor against the Secured Party, now or hereafter existing, and all money, accounts receivable, inventory, goods, instruments, securities, documents, chattel paper, other property, rights and interests of the Debtor, and shall include proceeds, products and accessions of and to any thereof.

The above statement includes, but is not limited to, the following three items:
One EMMEGI Model Sun TU/6 Dual-head CNC Cutoff Saw 18' Bed - Serial Number 258554
One EMMEGI Model Sun TU/6 CNC Machining Center 18' Bed - Serial Number 255281
One PRESSTA Model Prisma 500 Notching Saw - Serial Number 9295

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA
25444.013

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)



STATE OF NEW YORK
DEPARTMENT OF STATE
41 STATE STREET
ALBANY, NY 12231-0001

GEORGE E. PATAKI
GOVERNOR

CHRISTOPHER L. JACOBS
SECRETARY OF STATE

## FILING ACKNOWLEDGMENT
May 17, 2006

## RETURN TO CUSTOMER SERVICE COUNTER

DELANEY CORPORATE SERVICES LTD.
41 STATE STREET, SUITE 405
ALBANY NY 12207-0000

Attached is the acknowledgment copy of your recently submitted filing. This filing consists of a total of one page, which is represented in this acknowledgment. This document has been filed with the New York State Department of State, Uniform Commercial Code Division.

The Financing Statement has been assigned Filing Number: 200605160416402, Filing Date: 05/16/2006 and is currently reflected in our automated database as follows:

### Debtor's Name & Address

ARCHIVISIONS, INC.
267 VANDERVOORT AVENUE
BROOKLYN NY 11211-1718

### Secured Party's Name & Address

CATHAY BANK
800 WEST 6TH STREET
LOS ANGELES CA 90017

This filing will lapse on 05/16/2011, unless continued. We encourage filers to take full advantage of the six-month window of opportunity in which to file a Financing Statement Amendment (Continuation). Submission of your documents at the onset of the six-month window will allow ample time to rectify potential filing errors and help to assure timely recording of your filing.

If you have any concerns regarding the way this document is recorded, please contact one of our Customer Service Representatives at (518) 474-4763, or respond in writing to the UCC Data Processing Unit at the address indicated above.

Sincerely,

Uniform Commercial Code Division
Data Processing Unit

REF #: 217032

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**217032**    2006 MAY 16 PH 3:15

A. NAME & PHONE OF CONTACT AT FILER (optional)
Ronald B. Goodman, Esq. - 212-603-6300

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Ronald B. Goodman, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck P.C.
1345 Avenue of the Americas, 31st Floor
New York, New York 10105

**DRAWDOWN**
**ACCT# 30**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | |
|---|---|---|
| 1a. ORGANIZATION'S NAME | | |
| Archivisions, Inc. | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 267 Vandervoort Avenue | Brooklyn | NY | 11211-1718 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | Domestic Corp | New York | ☑ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | | |
|---|---|---|
| 2a. ORGANIZATION'S NAME | | |
| | | |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| | | |
|---|---|---|
| 3a. ORGANIZATION'S NAME | | |
| Cathay Bank | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 800 West 6th Street | Los Angeles | CA | 90017 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All personal property, machinery, equipment, furniture and fixtures of the Debtor, whether now or hereafter existing or now owned or hereafter acquired and wherever located, of every kind of description, tangible or intangible, including, bu not limited to, the balance of every deposit account, now or hereafter existing of the Debtor with the Secured Party and any other claim of the Debtor against the Secured Party, now or hereafter existing, and all money, accounts receivable, inventory, goods, instruments, securities, documents, chattel paper, other property, rights and interests of the Debtor, and shall include proceeds, products and accessions of and to any thereof.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable]

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional]    ☐ All Debtors    ☐ Debtor 1    ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

25444.013

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**FILING NUMBER: 200605160416402**



STATE OF NEW YORK
DEPARTMENT OF STATE
41 STATE STREET
ALBANY, NY 12231-0001

GEORGE E. PATAKI
GOVERNOR

CHRISTOPHER L. JACOBS
SECRETARY OF STATE

# FILING ACKNOWLEDGMENT
May 17, 2006

## RETURN TO CUSTOMER SERVICE COUNTER

DELANEY CORPORATE SERVICES LTD.
41 STATE STREET, SUITE 405
ALBANY NY 12207-0000

Attached is the acknowledgment copy of your recently submitted filing. This filing consists of a total of one page, which is represented in this acknowledgment. This document has been filed with the New York State Department of State, Uniform Commercial Code Division.

The Financing Statement has been assigned Filing Number: 200605160416438, Filing Date: 05/16/2006 and is currently reflected in our automated database as follows:

*Debtor's Name & Address*

VERY-TACT INTERNATIONAL, INC.
267 VANDERVOORT AVENUE
BROOKLYN NY 11211-1718

*Secured Party's Name & Address*

CATHAY BANK
800 WEST 6TH STREET
LOS ANGELES CA 90017

This filing will lapse on 05/16/2011, unless continued. We encourage filers to take full advantage of the six-month window of opportunity in which to file a Financing Statement Amendment (Continuation). Submission of your documents at the onset of the six-month window will allow ample time to rectify potential filing errors and help to assure timely recording of your filing.

If you have any concerns regarding the way this document is recorded, please contact one of our Customer Service Representatives at (518) 474-4763, or respond in writing to the UCC Data Processing Unit at the address indicated above.

Sincerely,

Uniform Commercial Code Division
Data Processing Unit

REF #: 217033

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ronald B. Goodman, Esq. - 212- 603-6300

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Ronald B. Goodman, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck, P.C.
1345 Avenue of the Americas, 31st Floor
New York, New York 10105

217033

2006 MAY 16 PM 3: 15

**DRAWDOWN
ACCT# 3D**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME
Very-Tact International, Inc.

OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 267 Vandervoort Avenue | Brooklyn | NY | 11211-1718 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Domestic Corp | 1f. JURISDICTION OF ORGANIZATION New York | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names    ☑ NONE

2a. ORGANIZATION'S NAME

OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)    ☐ NONE

3a. ORGANIZATION'S NAME
Cathay Bank

OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 800 West 6th Street | Los Angeles | CA | 90017 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

All personal property, machinery, equipment, furniture and fixtures of the Debtor, whether now or hereafter existing or now owned or hereafter acquired and wherever located, of every kind of description, tangible or intangible, including, but not limited to, the balance of every deposit account, now or hereafter existing of the Debtor with the Secured Party and any other claim of the Debtor against the Secured Party, now or hereafter existing, and all money, accounts receivable, inventory, goods, instruments, securities, documents, chattel paper, other property, rights and interests of the Debtor, and shall include proceeds, products and accessions of and to any thereof.

| 5. ALTERNATIVE DESIGNATION (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS    Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2

8. OPTIONAL FILER REFERENCE DATA
25444.013

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**FILING NUMBER: 200605160416438**

**FILED**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ronald B. Goodman, Esq. - 212- 603-6300

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

Ronald B. Goodman, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck, P.C.
1345 Avenue of the Americas, 31st Floor
New York, New York 10105

2006 JUN -5 AM 10: 45

**06 - 02791**

SUFFOLK COUNTY CLERK

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Liang | Sandy | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 24 Eugene Street | Melville | NY | 11747 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names    □ NONE

2a. ORGANIZATION'S NAME

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)    □ NONE

3a. ORGANIZATION'S NAME
Cathay Bank

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 800 West 6th Street | Los Angeles | CA | 90017 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

See Schedule A attached hereto and made a part hereof.

**5. ALTERNATIVE DESIGNATION [if applicable]:** □ LESSEE/LESSOR  □ CONSIGNEE/CONSIGNOR  □ BAILEE/BAILOR  □ SELLER/BUYER  □ AG. LIEN  □ NON-UCC FILING

**6.** □ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum [if applicable]  **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional]  □ All Debtors  □ Debtor 1  □ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**
25444.013

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**UCC FINANCING STATEMENT ADDENDUM**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

9a. ORGANIZATION'S NAME

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME, SUFFIX |
|---|---|---|
| Liang | Sandy | |

10. MISCELLANEOUS:

06 - 02791

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one name (11a or 11b) - do not abbreviate or combine names

11a. ORGANIZATION'S NAME

OR

| 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 11d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

**12. ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME** - insert only one name (12a or 12b)

12a. ORGANIZATION'S NAME

OR

| 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☒ fixture filing.

14. Description of real estate:

| Street: | 24 Eugene Street |
|---|---|
| Town: | Melville |
| State: | New York |
| Zip Code: | 11747 |
| County: | Suffolk |
| Block: | 2 |
| Lot: | 66 |

16. Additional collateral description:

15. Name and address of a RECORD OWNER of above-described real estate
(If Debtor does not have a record interest):

SANDY LIANG AKA SANDY
LIANG CHIU &
TINGSON LIANG

17. Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

18. Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years
☐ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 05/22/02)

**Schedule A**

06 - 02791

( Attachment to UCC1 Financing Statement filing on
Sandy Liang [Debtor] by Cathay Bank [Secured Party] )

All present and future fixtures, fittings, appliances, apparatus, equipment, machinery, building materials, inventory and articles of personal property and replacements thereof, other than those rented or owned by lessees, now or at any time hereafter affixed to, attached to, placed upon, or used in any way or in connection with the complete and comfortable use, enjoyment, occupancy or operation of the premises known as 24 Eugene Street, Melville, NY 11747, County of Suffolk, State of New York, Block 2, Lot 66.

All proceeds of the conversation, voluntary or involuntary, of any of the foregoing into cash or liquidated claims, including, without limitation, proceeds of insurance and condemnation awards and any unearned premiums accrued, accruing or to accrue under any and all insurance policies now or hereafter obtained by the Debtor;

All leases of the Premises or any party thereof now or hereafter entered into and all right, title and interest of the Debtor's rights, if any, to cash or securities deposited thereunder whether or not same was deposited to secure performance by the lessees of their obligations thereunder, including, further, the right in accordance.

All utility or municipal deposits made by or on behalf of Debtor or made in connection with the Premises;

All plans, drawings, specifications, site plans, sketches, samples, contracts and agreements, however characterized from time to time prepared for use in connection with the Premises;

All contracts, agreements and understandings now or hereafter entered into, relating to or involving the performance of any work, rendering of any services, and supply of any materials or the conduct of operations in and the management of the Premises including, without limitation, construction contracts, architects' agreements, management agreements, options and other agreements, however characterized affecting the Premises and/or the improvements thereto; and

Any and all permits certifications, approvals, and authorizations, however characterized, issued or in any way furnished, whether necessary or not, for the operations and use of the Premises and/or the improvements and/or chattels, including, without limitation, building permits, environmental certificates, certificates of operation, warranties and guarantees.

{00297362.DOC; }

# EXHIBIT JJ

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

1345 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10105-0143

212-603-6300

FAX 212-956-2164

May 24, 2007

Philip T. Simpson
(212) 603-6302
pts@robinsonbrog.com

**VIA E-MAIL – wayne@uadgroup.com**
**and VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Wayne Tam
United Aluminum Door Inc.
267 Vandervoort Avenue
Brooklyn, New York 11211-1718

Re:  Cathay Bank v. United Aluminum Door Inc., Very-Tact International, Inc., Archivisions, Inc., Wah Woon Tam a/k/a Wayne Tam, Jen-Hao Mao, Sandy Liang, Kuo Win Liu, and Charlene H. Liu

Gentlemen:

I have been advised by Cathay Bank that you have defaulted in your obligations to them both under the Loan Agreements and the 2006 Forbearance Agreement. Further as you are aware the Forbearance Agreement expired on December 31, 2006. Unless payment is made to the Bank on the entire indebtedness in the amount of $2,675,414.32 immediately, the Bank has instructed me to 1) declare you in default of the various Loan Agreements and; 2) go forward with all remedies available to the Bank, including seizure of all of your assets.

I trust that your compliance with this demand will obviate drastic action.

Very truly yours,

Philip T. Simpson

cc:  Mr. Michael Creith (*Via Certified Mail, RRR*)
Mr. Gregory Badura (*Via Certified Mail, RRR*)
Mr. Jen-Hao Mao (*Via Certified Mail, RRR*)
Ms. Sandy Liang (*Via Certified Mail, RRR*)
Mr. Kuo Win Liu (*Via Certified Mail, RRR*)
Archivisions, Inc. (*Via Certified Mail, RRR*)
Very-Tact International, Inc. (*Via Certified Mail, RRR*)
United Aluminum Door Inc.  (*Via Certified Mail, RRR*)

{00337943.DOC;3}

Lucy Trunk

**To:** wayne@uadgroup.com
**Subject:** Cathay Bank v. United Aluminum Door Inc., et al

FROM:        Jeremy J. Bethel, Esq.
             jjb@robinsonbrog.com

      Please see attached correspondence.

Jeremy J. Bethel, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck P.C.
1345 Avenue of the Americas
New York, New York 10105
Tel:   (212) 603-6305
Fax:   (212) 245-4688

CONFIDENTIAL AND PRIVILEGE NOTICE

This message is intended to be confidential and may be legally privileged.  It is intended
solely for the addressee.  If you are not the intended recipient, please delete this
message from your system and notify us immediately.  Any disclosure, copying, distribution
or action taken or omitted to be taken by an unintended recipient in reliance on this
message is prohibited and may be unlawful.

IRS CIRCULAR 230 NOTICE

To the extent that this message or any attachment concerns tax matters, it is not intended
to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may
be imposed by law.



Letter to Mr.
Wayne Tam.pdf (3...

Mr. Wayne Tam USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 25444/013 |

Sent To United Aluminum Door, Inc.
Street, Apt. No.; or PO Box No. Vandervoort Ave
City, State, ZIP+4 Brooklyn, NY 11211-1718
PS Form 3800, June 2002          See Reverse for Instructions

---

Mr. Jen-Hao Hao SE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 25444/013 |

Sent To Schermerhorn, Apt 5C
Street, Apt. No.; or PO Box No.
City, State, ZIP+4 Brooklyn, NY 11211
PS Form 3800, June 2002          See Reverse for Instructions

---

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Ms Sandy Liang USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 25444/013 |

Sent To United Aluminum Door, Inc.
Street, Apt. No.; or PO Box No. Vandervoort Ave
City, State, ZIP+4 Brooklyn, NY 11211
PS Form 3800, June 2002          See Reverse for Instructions

---

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Mr Kuo Win Liu S

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 25444/013 |

Sent To United Aluminum Door, Inc.
Street, Apt. No.; or PO Box No. Vandervoort Ave
City, State, ZIP+4 Brooklyn, NY 11211
PS Form 3800, June 2002          See Reverse for Instructions

---

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Archivisions, Inc. L USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 25444/013 |

Sent To United Aluminum Door, Inc.
Street, Apt. No.; or PO Box No. Vandervoort Ave
City, State, ZIP+4 Brooklyn, NY 11211
PS Form 3800, June 2002          See Reverse for Instructions

---

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Very-Tact International, Inc.

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 25444/013 |

Sent To United Aluminum Door, Inc.
Street, Apt. No.; or PO Box No. Vandervoort Ave
City, State, ZIP+4 Brooklyn, NY 11211
PS Form 3800, June 2002          See Reverse for Instructions

For delivery information visit our website at www.usps.com

United Aluminum Door Inc

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Reciept Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 2544/018 | |

Sent To

Street, Apt No.; or PO Box No. Vanderwoort Ave

City, State, ZIP+4 Brooklyn NY 11211

PS Form 3800, June 2002                See Reverse for Instructions

7003 0500 0002 9418 3391

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

1345 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10105-0143

212-603-6300

FAX 212-956-2164

May 24, 2007

Philip T. Simpson
(212) 603-6302
pts@robinsonbrog.com

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Ms. Sandy Liang
24 Eugenne Street
Melville, New York 11747

Re:     Cathay Bank v. United Aluminum Door Inc., Very-Tact International, Inc.,
        Archivisions, Inc., Wah Woon Tam a/k/a Wayne Tam, Jen-Hao Mao,
        Sandy Liang, Kuo Win Liu, and Charlene H. Liu

Dear Ms. Liang:

        As you will see from the enclosed letter, United Aluminum Door and all affiliated
parties both corporate and individual are in default of their obligations to the Bank. This letter is
to notify you that in the event the Bank takes action against the corporate and individuals
specified, we will also be seeking a foreclosures to your home.

                        Very truly yours,

                        Philip T. Simpson

Enclosure
cc:     Mr. Michael Creith (Via E-Mail)
        Mr. Gregory Badura (Via E-Mail)

{00337948.DOC;2}

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

1345 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10105-0143

212-603-6300

FAX 212-956-2164

May 24, 2007

Philip T. Simpson
(212) 603-6302
pts@robinsonbrog.com

**VIA E-MAIL – wayne@uadgroup.com**
**and VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Wayne Tam
United Aluminum Door Inc.
267 Vandervoort Avenue
Brooklyn, New York 11211-1718

           Re:    Cathay Bank v. United Aluminum Door Inc., Very-Tact International, Inc.,
                    Archivisions, Inc., Wah Woon Tam a/k/a Wayne Tam, Jen-Hao Mao,
                    Sandy Liang, Kuo Win Liu, and Charlene H. Liu

Gentlemen:

        I have been advised by Cathay Bank that you have defaulted in your obligations to them both under the Loan Agreements and the 2006 Forbearance Agreement. Further as you are aware the Forbearance Agreement expired on December 31, 2006. Unless payment is made to the Bank on the entire indebtedness in the amount of $2,675,414.32 immediately, the Bank has instructed me to 1) declare you in default of the various Loan Agreements and; 2) go forward with all remedies available to the Bank, including seizure of all of your assets.

        I trust that your compliance with this demand will obviate drastic action.

                  Very truly yours,

                  Philip T. Simpson

cc:  Mr. Michael Creith (*Via Certified Mail, RRR*)
      Mr. Gregory Badura (*Via Certified Mail, RRR*)
      Mr. Jen-Hao Mao (*Via Certified Mail, RRR*)
      Ms. Sandy Liang (*Via Certified Mail, RRR*)
      Mr. Kuo Win Liu (*Via Certified Mail, RRR*)
      Archivisions, Inc. (*Via Certified Mail, RRR*)
      Very-Tact International, Inc. (*Via Certified Mail, RRR*)
      United Aluminum Door Inc. (*Via Certified Mail, RRR*)

{00337943.DOC;3}



Sandy Liang

25444/013