Martin W. Chow (MC-2013)
Law Offices of Martin W. Chow
590 Newark Avenue
Jersey City, NJ 07306
NY Tel: (212) 233-3700
NJ Tel: (201) 963-9218

Counsel for the Defendants: United Aluminum Door,
Inc., Very-Tact International, Inc. and Archivisions,
Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CATHAY BANK,

    Plaintiff,

v.

UNITED ALUMINUM DOOR INC., VERY-
TACT INTERNATIONAL, INC.,
ARCHIVISIONS, INC., WAH WOON TAM
a/k/a WAYNE TAM, JEN-HAO MAO,
SANDY LIANG, KUO WIN LIU,

                                                                          Civil Action No.
    Defendants.

-------------------------------------------------------x

### DECLARATION OF SANDY LIANG (OF UNITED ALUMUNIUM DOORS INC.) IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNTION

I, SANDY LIANG, hereby declare and state:

1. I am the Secretary of the Board and a shareholder of United Aluminum Doors Inc. and have been employed with United Aluminum Door Inc.

2. I have personal knowledge of the facts set forth in this declaration and, if called upon to do so, I could testify competently thereto.

3. As Secretary of the Board, I am familiar with the history of UAD, its structure, business, operations and financial affairs.

4. Wayne Tam, is the president of United Aluminum Doors Inc. He is out of the country on

1

prior business engagements and will not return to New York until June 12, 2007.

5. The Plaintiff's request for an order to compel defendants United Aluminum Door Inc. Very-Tact International Inc. and Archivisions, Inc. to deliver collateral to Plaintiff for a preliminary injunction and for other relief, including to "freeze" funds must be denied.

6. Defendant is engaged in the business of installing doors, windows, curtain walls and other construction services to various construction projects for the MTA, Port Authority of NY/NJ and others, mainly in and around the New York City area. Last year total revenue was $19 million in contracts and $9.2 million up to May 31, of this year and approximately $8.8 million in accounts receivables.

7. Defendant, United Aluminum Doors, Inc. has been established since 1987. It is organized under the laws of the state of New York.

8. It employs approximately 70 persons from a high of 110 in 2003.

9. Defendant, United Aluminum Doors Inc. has paid down its debt owed to plaintiff, Cathay Bank from about $3.5 million in 2005 to $2.4 million in 2007.

10. If the defendants were compelled to deliver collateral to plaintiff, which would deprive the defendants of possession and use of the seized property, the likely result would be breach of contract claims for unfinished construction projects, inability to pay Cathay on its loans, shut down operations and throw all employees out of work.

11. The defendant has not committed any fraud, disposed of or dissipated any of assets and is not about to do so, nor is it the subject of any legal action based on those grounds to frustrate potential judgment creditors.

12. Plaintiff is threatening the defendants' very existence by sending letters to the defendants' customers demanding that they turnover funds owed defendants directly to plaintiff, without court order. See copy of letters attached hereto. These amounts to hundreds of thousands of dollars.

13. I request that the order entered to temporarily restrain the defendants, United Aluminum Doors Inc. be vacated.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 11,

2007 at New York, NY.

_____
SANDY LIANG