Martin W. Chow (MC-2013)
Law Offices of Martin W. Chow
590 Newark Avenue
Jersey City, NJ 07306
NY Tel: (212) 233-3700
NJ Tel: (201) 963-9218

Counsel for the Defendants:
United Aluminum Door, Inc., Very-Tact
International, Inc. and Archivisions, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CATHAY BANK,

    Plaintiff,
v.

UNITED ALUMINUM DOOR INC., VERY-
TACT INTERNATIONAL, INC.,
ARCHIVISIONS, INC., WAH WOON TAM
a/k/a WAYNE TAM, JEN-HAO MAO,
SANDY LIANG, KUO WIN LIU,

                                      Civil Action No.

    Defendants.

------------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO APPLICATION TO COMPEL
DEFENDANTS UNITED ALUMINUM DOOR INC., VERY-TACT INTERNATIONAL
INC. AND ARCHIVISIONS, INC. TO DELIVER COLLATERAL TO PLAINITFF
FOR A PRELIMINARY INJUNCTION AND FOR OTHER RELIEF**

Preliminary Statement

The Plaintiff's request for an order to compel defendants United Aluminum Door Inc., Very-Tact International Inc. and Archivisions, Inc. to deliver collateral to Plaintiff for a preliminary injunction and for other relief to "freeze" funds must be denied.

    I.  **Plaintiff's Motion is Without Merit and Should be Denied Because Plaintiff Cannot Establish Any of the Elements Required for Issuance of a Temporary Restraining Order**

1

In considering whether to grant an application for a temporary restraining order or a preliminary injunction, the plaintiff must show: (1) that it will suffer irreparable injury if the injunctive relief is denied; and (2) either (a) a likelihood that it will succeed on the merits of the action or (b) a sufficiently serious question going to the merits at the litigation and the balance of hardships tipping decidedly in plaintiff's favor. See L. & J.G. Sticley, Inc. v Canal Dover Furniture Co., 79 F.3d 258, 261-62 (2nd Cir. 1996).

The purpose of a preliminary injunction is to keep the parties, while the suit is pending, as much as possible in the respective positions they occupied when the suit began and to preserve the Court's ability to render a meaningful decision after a trial on the merits. See WarnerVision Entertainment v. Empire of Carolina, Inc., 101 F.3d 259, 261-62 (2d Cir. 1996). A preliminary injunction is an extraordinary and drastic measure that should not be routinely granted, see Mazurek v. Armstrong, 520 U.S. 968 (1997), because it is "one of the most drastic tools in the arsenal of judicial remedies." Hanson Trust PLC v. SCM Corp. 774 F.2d 47, 60 (2d . Cir. 1985). The granting of a preliminary injunction is within the equitable discretion of the trial judge. Societe Comptoir De L'Industrie Cotonniere Esablissements Boussac v. Alexander's Dep't Stores, Inc. 299 F.2d 33 (2d Cir. 1962).

In its motion, the plaintiff seeks an order directing as follows:

"…(i) compelling defendants to deliver the Property to plaintiff; (ii) attaching, seizing, and garnishing the Property; (iii) preliminarily enjoining the defendants from transferring, selling, assigning, pledging or otherwise disposing of the Property, (iv) permitting plaintiff to inspect the Property and to depose defendants,…"

Plaintiff's Memorandum of Law in Support of Application to Compel Defendants United Aluminum Door Inc., Very-Tact International, Inc. and Archivisions, Inc. to Deliver Collateral to Plaintiff, for a Preliminary Injunction and for Other Relief. at 6.

### A. Plaintiff Motion Does Not Establish the Potential for "Irreparable Harm" If Its Motion is Not Granted

Plaintiff's Motion provides no specific information to support the assertion that it will suffer

irreparable harm if a temporary restraining order is not granted. To the extent the plaintiff provides any specific assertions, they are with respect to its claims, claims for money damages. See Al Venus Shipping Co. v Delta Petroleum (USA) Ltd, 876 F.Supp 482 (!994)(As a general rule, "irreparable harm" is required to support issuance of injunction, and is not present when plaintiff has claim for money damages), Awosting Reserve LLC v Chaffin/Light Assocs. Co., 296 F. Supp.2d 470 (Landowner failed to demonstrate irreparable harm because of developer's exercise of control of fund, and thus, no preliminary injunction would issue because no actual or imminent danger of permanent destruction or damage posed to land and no evidence that award of damages would be inadequate). The harm, if any asserted by plaintiff is not such that would threaten its financial existence. Plaintiff would not go out of business if the relief it seeks is denied.

### B. The Granting of Plaintiff's Motion Would Substantially Harm the Defendants

On the other hand, the cost to the defendants – financial and otherwise – resulting from the compelling the defendants to deliver the Property to plaintiff: (i) attaching, seizing, and garnishing the Property; (ii) preliminarily enjoining the defendants from transferring, selling, assigning, pledging or otherwise disposing of the Property, (iii) permitting plaintiff to inspect the Property and to (iv) depose defendants,…" is likely to have a catastrophic effect on the defendants. Once plaintiff attaches, seizes or garnishes property of the plaintiff the property could be sold at auction. Seventy or more loyal and dedicated employees would be thrown out of work.

### C. State Remedies

None of the factors set forth in CPLR Article 6201 *et seq* to entitle plaintiff to an injunction is present. None of the criteria set out in CPLR 6201 apply. Defendants, United Aluminum Door Inc. Very-Tact International Inc. and Archivisions, Inc. are not unauthorized foreign corporations and plaintiff has presented no evidence, let alone clear and convincing proof that defendants have sought to defraud

plaintiff or thwart the enforcement of any money judgment.[1]

There is no evidence that any of the defendants are foreign corporations. There is no evidence of self-dealing. Conclusory allegations is not a valid substitute for evidence of facts in admissible form. See, e.g. Khan v. State University of New York Health Science Center at Brooklyn, 271 A.D.2d 656, 706, N.Y.S.2d 192 (2d Dept. 2000); O'Hara v. Corporate Audit Company, Inc. 161 A.D.2d 309, 555 N.Y.S.2d 82 (1st Dept. 1990).

UCC 9-609 [2] provides that a secured party, after default, may take possession of collateral and may render collateral unusable: (1) pursuant to judicial process or (2) without judicial process if it proceeds without breach of the peace. Here plaintiff is and has been attempting to forgo judicial process by sending threatening letters to defendants' customers and thereby effectively shut down defendants' operations.

---

[1] CPLR 6201 provides in relevant part:

§ 6201. Grounds for attachment. An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when:
1. the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state; or
2. the defendant resides or is domiciled in the state and cannot be personally served despite diligent efforts to do so; or
3. the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts; or
4. the action is brought by the victim or the representative of the victim of a crime, as defined in subdivision six of section six hundred twenty-one of the executive law, against the person or the legal representative or assignee of the person convicted of committing such crime and seeks to recover damages sustained as a result of such crime pursuant to section six hundred thirty-two-a of the executive law; or
5. the cause of action is based on a judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, or on a judgment which qualifies for recognition under the provisions of article 53.

[2] Section 9-609. Secured Party's Right to Take Possession after Default.
(a) Possession; rendering equipment unusable; disposition on debtor's premises. After default, a secured party:
(1) may take possession of the collateral; and
(2) without removal, may render equipment unusable and dispose of collateral on a debtor's premises under Section 9-610.
(b) Judicial and nonjudicial process. A secured party may proceed under subsection (a):
(1) pursuant to judicial process; or
(2) without judicial process, if it proceeds without breach of the peace.
(c) Assembly of collateral. If so agreed, and in any event after default, a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties.

4

### D. Federal Remedies

Rule 64[3] only refers to the remedies allowed under state law. As set forth above, there are no exigent circumstances which would allow issuance of an injunction.

### II. CONCLUSION

Based on the foregoing, defendants respectfully request that the injunction be dismissed.

Dated: New York, New York
June 11, 2007

_____
MARTIN W. CHOW

---

[3] Rule 64. Seizure of Person or Property

At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action.