Philip T. Simpson (PS-9707)
Robinson Brog Leinwand Greene Genovese & Gluck P.C.
1345 Avenue of the Americas
New York, New York 10105-0143
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CATHAY BANK,

                          Plaintiff,

    -against-

UNITED ALUMINUM DOOR INC., VERY-TACT
INTERNATIONAL, INC., ARCHIVISIONS, INC.,
WAH WOON TAM a/k/a WAYNE TAM, JEN-
HAO MAO, SANDY LIANG, KUO WIN LIU,

                          Defendants.
------------------------------------------------------------X

Civil Action No. 07CV4152 (DC) (MHD)

SUPPLEMENTAL STIPULATION OF SETTLEMENT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/2007

STIPULATION made as of the 18th day of July, 2007, by and between Plaintiff, Cathay Bank, and Defendants, United Aluminum Door Inc. ("UAD"), Very-Tact International, Inc., Archivisions, Inc., Wah Woon Tam a/k/a Wayne Tam, Jen-Hao Mao, Sandy Liang and Kuo Win Liu (referred to together as "Guarantors").

WHEREAS by a Forbearance Agreement and a Stipulation of Settlement each dated as of the 11th day of July, 2007, all of the parties to the above-entitled action except Kuo Win Liu entered into a settlement agreement which contained, *inter alia*, a provision that the parties would request that the Court place this action on its "suspended calendar"; and

WHEREAS on July 13, 2007 the Court (Hon. Denny Chin, U.S.D.J.) held a conference with all parties by their respective counsel on the record in open court, wherein it was agreed that in order to effect the settlement agreement among the parties, the action would be dismissed,

{00348365.DOC;1}                          1

subject to reinstatement upon the request of any party, with the Court to retain jurisdiction over the action, and that such dismissal would be submitted to the Court to be "So Ordered";

IT IS THEREFORE STIPULATED AND AGREED AS FOLLOWS:

1.  On May 30, 2007, Plaintiff Cathay Bank commenced an action against UAD and Guarantors asserting claims based on and arising out of loan agreements, security agreements, and guaranty agreements between the Defendants and Plaintiff.

2.  The parties, with the exception of Kuo Win Liu, have executed a Forbearance Agreement (attached hereto as EXHIBIT A), the terms of which are incorporated herein.

3.  Under the terms of the Forbearance Agreement, UAD has agreed pay Plaintiff $2,150,000 plus interest in satisfaction of Plaintiff's claims according to the following schedule:

    i.   $500,000 upon execution of the Forbearance Agreement;

    ii.  $500,000 on or before December 31, 2007;

    iii. $500,000 on or before March 31, 2008;

    iv.  $500,000 on or before June 30, 2008; and

    v.   on or before September 30, 2008, to make a payment of $150,000 plus all

accrued interest calculated at the rate of seven percent (7%) per annum, provided however that so long as UAD makes all payments under the Forbearance Agreement in a timely manner, the maximum amount of interest to be paid shall be $50,000.

4.  UAD and Guarantors acknowledge that, as of the date of the Forbearance Agreement, UAD is unconditionally indebted to Plaintiff for loans, advances and other financial accommodations under the Loan documents in the aggregate amount (as of July 10, 2007) of $2,754,759.95 (the "Obligation").

5. UAD and Guarantors further acknowledge that, in the event of any occurrence of default as defined in the Forbearance Agreement, the amount of $2,754,759.95 plus interest as provided in the Note (a copy of which is annexed hereto as EXHIBIT B), and plus any and all other amounts provided for in the Note such as, but not limited to, legal fees and audit fees, less any payments made hereunder, shall immediately be due and owing from UAD and from each Guarantor to the extent each Guarantor has guaranteed the Obligation.

6. If UAD defaults in any payment due hereunder, UAD shall have five (5) days from receipt of written notification thereof to cure such default.

7. If UAD does not cure its default within five (5) days of receiving written notification thereof, Plaintiff may immediately, and without further notice to Defendants or their counsel, notify the Court to reinstate this action without the need to serve or file a new or amended complaint and without the necessity to serve process upon the defendants or any of them, and to enter judgment against Defendants jointly and severally in the sum of Two Million Seven Hundred Fifty-Four Thousand Seven Hundred Fifty Nine and 95/100 ($2,754,759.95) dollars, plus interest and fees as provided in the Note (attached hereto as EXHIBIT B), less any payments made hereunder, provided however that any judgment against Kuo Win Liu shall be limited to the sum Three Hundred and Fifty Thousand and 00/100 (350,000.00).

8. In accordance with the foregoing, the parties ask that this action be dismissed without prejudice, subject to reinstatement upon the written request of any party, filed with the Court and contemporaneously served by fax upon the undersigned counsel. The parties further request that the Court retain jurisdiction of this action until December 31, 2008 unless this action is reinstated prior to that date.

9.  So long as UAD is not in default of any of the terms and conditions of this Stipulation of Settlement, Plaintiff shall withhold any and all actions against Defendants.

10. Upon completing all of the terms and conditions of this Stipulation of Settlement, Plaintiff and Defendants shall execute and deliver general releases in the form attached hereto as EXHIBIT C. Within fifteen (15) business days following the date upon which UAD delivers to Plaintiff's counsel an executed general release in favor of Plaintiff, counsel for Plaintiff shall forward to counsel for UAD, and to Kuo Win Liu's counsel, an executed Stipulation of Discontinuance of this action in the form attached hereto as EXHIBIT D.

11. It is the intent of the parties that this Supplemental Stipulation of Settlement does not revoke or otherwise render invalid the Stipulation of Settlement executed by the parties (except Kuo Win Liu) as of July 11, 2007. This Supplemental Stipulation of Settlement is entered into so that the action may be dismissed according to the terms set forth herein. In the event of any conflict in the provisions of this Supplemental Stipulation of Settlement and the Stipulation of Settlement dated as of July 11, 2007, this Supplemental Stipulation of Settlement shall control, but otherwise the Stipulation of Settlement dated as of July 11, 2007 remains binding upon the parties.

12. This Supplemental Stipulation of Settlement, and all of its terms and provisions: (a) constitutes the parties' understanding and agreement; (b) shall not be modified except in writing with the same formalities as this Supplemental Stipulation of Settlement; (c) shall be interpreted and governed by the laws of the State of New York (exclusive of its conflicts of law principals); (d) shall be binding on the respective parties' heirs, executors, administrators, legal representatives, successors and assigns; (e) shall be subject to the doctrine of severability; (f) shall not be waived if not enforced; (g) may be enforced independently; (h) is binding on current

and successor counsel; (i) may be submitted to the Court to be "So-Ordered;" (j) may be executed by Counsel, who represent that they have the authority of their respective clients to execute this document; and (k) may be executed in counter-parts or by facsimile signature.

**Remainder of this page left blank**

IN WITNESS WHEREOF, the undersigned counsel have set their hands and seals as of the day and year first above written.

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK, P.C.

By: _____
    Philip T. Simpson (PS 9707)
Attorneys for Cathay Bank
1345 Avenue of the Americas
New York, New York
Phone 212.603.6300
Fax 212.956.2164

LAW OFFICES OF MARTIN W. CHOW

By: _____
    Martin W. Chow (MC 2013)
Attorney for United Aluminum Door Inc.;
Very-Tact International, Inc.; Archivisions, Inc.;
Wah Woon Tam a/k/a Wayne Tam; Jen-Hao Mao;
and Sandy Liang.
590 Newark Avenue
Jersey City, New Jersey 07306
Phone 201.963.9218
Fax 201.963.9503

LEWIS JOHS AVALLONE AVILES, LLP

By: _____
    Thomas Dargan (TD ____)
Attorneys for Kuo Win Liu
425 Broad Hollow Road
Melville, New York 11747
Phone 631.755.0101
Fax 631.755.0117

*This action is dismissed, subject to the terms above.*

SO ORDERED this _____ day of July, 2007

_____
U.S.D.J.

8/7/07

{00348365.DOC;1}    6